Arthur James JULIUS,
Petitioner-Appellant,

v.

Willie JOHNSON, Warden,
Respondent-Appellee.

No. 84–7738
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 5, 1985.

Thomas M. Goggans, Montgomery, Ala., for petitioner-appellant.

Edward Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant is an Alabama prisoner under sentence of death. In July of 1984, he filed a pro se complaint in the United States District Court for the Middle District of Alabama, Northern Division, alleging that his right of self-representation at his state court trial as protected by the Sixth Amendment had been violated. He requested his release as well as money damages. The magistrate treated the complaint as a petition for writ of habeas corpus. Appellee moved to dismiss. After subsequent pleadings, the magistrate filed a recommendation that the petition be denied and that the case be dismissed. This recommendation was based upon the magistrate's finding that appellant had asked only to act as co-counsel and that there was no federal constitutional right to act as co-counsel in a criminal case. The district court entered an order adopting the magistrate's recommendation and denied relief. A timely notice of appeal was filed and the district court subsequently granted appellant's application for a certificate of probable cause and granted him leave to proceed in forma pauperis. We affirm.

Binding precedent in this Circuit, as the appellant concedes, forecloses this issue. See United States v. Zielie, 734 F.2d 1447, 1454 (11th Cir.1984); Raulerson v. Wainwright, 732 F.2d 803, 808–09 (11th Cir.1984); United States v. Bowdach, 561 F.2d 1160, 1176 (5th Cir.1977). As the court said in Bowdach:

Faretta [Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)], does not hold that a defendant has a Sixth Amendment right to act as co-counsel, and we are not willing to extend the reach of the Sixth Amendment to include such a right.

561 F.2d at 1176 (citation inserted). One panel of this Circuit cannot overrule another panel's decision. *United States v. Gollwitzer*, 697 F.2d 1357, 1360 n. 2 (11th Cir. 1983). That can only be done by this court sitting en banc or by the United States Supreme Court.

Finally, we note that counsel was appointed to represent the appellant while this action was pending. Counsel moved to stay this action while he considered other possible grounds for federal habeas relief. The state objected to the stay but stipulated:

> In view of the circumstances, especially petitioner's initial pro se status, the state will not plead Rule 9(b) to any new and different claims contained in a second habeas petition filed by petitioner in the future. The state will only plead Rule 9(b) to this same co-counsel claim, if petitioner attempts to relitigate it in a future petition. (ROA 150)

With this stipulation, the judgment of the district court is affirmed without prejudice to petitioner seeking post-conviction relief within 180 days of the filing of this opinion, except for the relief denied by this affirmance of the district court's judgment.

AFFIRMED.