See also, 737 F.Supp. 95.

**UNITED STATES of America**

**v.**

**Jay Louis GIBSON.**

**Crim. No. 87–311 SSH.**

United States District Court, District of Columbia.

Feb. 4, 1988.

Asst. U.S. Atty. Theodore Shmanda, Washington, D.C., for plaintiff.

Jeffrey Jacobovitz, Washington, D.C., for defendant.

---

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

■ The Court is in receipt of the most recent motion obviously prepared for defendant by Pennsylvania attorney Allen N. Brunwasser, whose permission to appear in open court was withdrawn pursuant to Local Rule 104(d) by a Memorandum Opinion and an Order dated November 24, 1987.[1] The motion, filed January 27, is captioned "Motion Raising Question of Criminal Justice Act Insofar as It Impedes Ability of a Defendant To Afford Private Counsel."

The latest motion purports to challenge the appointment and compensation of attorneys under the Criminal Justice Act. Nonetheless, as has become commonplace in Mr. Brunwasser's continued handling of this case from Pittsburgh, delay unquestionably is its principal purpose.[2]

There has been undue delay already as a consequence of the tactics exercised by defendant and his Pennsylvania attorney. It now is apparent that defendant has been advised by Mr. Brunwasser not to communicate with local counsel. Defendant's first local counsel, Richard Huber, filed his motion to withdraw on July 31, 1987, stating in part that "Defendant Gibson and I have been unable to effectively communicate for some time." Defendant's personally chosen second local counsel, Jeffrey Jacobovitz, made multiple requests to withdraw, noting *inter alia* that defendant would not tell him anything about his version of the facts, that he was instructed not to engage in discovery (or do anything else), and that he was not permitted to review pleadings prior to their being filed.

The Court sees no need to deal with the details of the latest motion. One point, however, should be made. In paragraph 1 of the pleading, it is stated:

> Defendant, as ordered by the distinguished Judge Stanley S. Harris on January 5, 1988, sent letters to 119 Criminal Justice List certified attorneys ("CJA").

This is but another distortion of the record because the Court made no such order. At the resumption of the suppression hearing on January 5, Mr. Jacobovitz stated in part:

> ... without Mr. Gibson's cooperation with me and without his version of the facts and whether he does, in fact, want to testify or not, I can't adequately represent him. (Tr. 6.)

■ The Court reluctantly permitted Mr. Jacobovitz to withdraw, leaving defendant

---

1. A trial court's denial of permission for an attorney to appear *pro hac vice* raises no due process implications. *See Leis v. Flynt,* 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717, *reh. denied,* 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).

2. Attachment 1 hereto is the extraordinary proposed order submitted with the pending motion. Among other undesirable effects, granting the relief requested would engender further delay of at least a year.

without counsel at the January 5 hearing. Defendant then made it clear that he neither wishes to nor feels able to represent himself. (Tr. 2, 10–12.) The Court merely advised defendant that "we have a list of 126 lawyers, defense counsel, who have just been recertified by the Court as to their competence to practice in criminal cases in this court." Defendant sent Xerox copies of a letter purportedly soliciting counsel to 119 of the lawyers on the CJA list. That action, viewed in the overall context of this case, obviously does not represent a serious effort to obtain another attorney.[3] To the contrary, the Court concludes that it represents nothing more than a concerted effort not to obtain a lawyer admitted to practice in the District of Columbia. The objective is not difficult to discern: have defendant come to the rescheduled resumption of the suppression hearing on February 16 and state that he wants an attorney to represent him but that he has been unable to find any lawyer other than Mr. Brunwasser.

Such a situation defies reason, the Fifth Amendment to the United States Constitution, the Speedy Trial Act, and the orderly administration of justice. To be sure, "a defendant should be afforded a fair opportunity to secure counsel of his choice." *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932) (footnote omitted). Now, however, more than seven months have passed since defendant was arrested. The suppression hearing which began on November 6, 1987, should have been completed on that date. In actuality, we have not yet been able to finish with the first suppression hearing witness. In *United States v. Burton*, 584 F.2d 485 (D.C.Cir.1978), *cert. denied*, 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979), the Court of Appeals stressed that

> ... the right to obtain counsel of one's choice is not absolute. The right "cannot be insisted upon in a manner that will

obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." (*Id.* at 489; footnotes omitted.)

Moreover, while defendant and Mr. Brunwasser are all too willing to waive defendant's right to a speedy trial (*see, e.g.,* para. 5 of Attachment 1), no defendant has a unilateral right to interminable delay. Under the Speedy Trial Act, the Court may not grant a continuance even at the request of a defendant unless it makes "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

Defendant and his Pennsylvania counsel will not be permitted to continue to frustrate the progress of this case. Accordingly, the case has been referred to a United States Magistrate for the selection and appointment of an attorney for defendant pursuant to Rule 44(a) of the Federal Rules of Criminal Procedure. Defendant has been found ineligible for representation under the Criminal Justice Act. However, the Advisory Committee's note to Rule 44(a) provides that "[i]f a defendant is able to compensate counsel, he is entitled to the assignment of counsel even though not to free counsel." Thus, defendant shall be responsible for appointed counsel's reasonable attorney's fees and costs incurred in the future course of this case.[4]

 The Court advises defendant to cooperate fully with appointed counsel. Of course, a defendant has a constitutional right to consult with counsel on any material step after indictment. *Hawk v. Olson, Warden*, 326 U.S. 271, 278, 66 S.Ct. 116, 120, 90 L.Ed. 61 (1945). A defendant, however, may waive this constitutional right. *Cf. Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). If

---

**3.** In his second motion to amend his petition for writ of mandamus, etc., filed on January 18, 1988, in the Court of Appeals' Case No. 88–5002, Mr. Brunwasser (who is not admitted to practice before that court) referred to the letter. It should be a part of the record; the letter is appended as Attachment 2 hereto.

**4.** If defendant chooses to continue to employ Mr. Brunwasser for services other than in court here, that is his decision. However, this case will proceed, and defendant shall be responsible for fairly compensating his appointed counsel.

defendant fails to cooperate with his appointed lawyer, he inevitably will limit to some degree the effectiveness of his legal representation. Defendant hereby is given notice that to the extent that appointed counsel's effectiveness is reduced by further intransigence on the part of defendant, the Court will deem such a reduction of effectiveness to have been the result of a knowing, intelligent, and voluntary waiver by defendant.

As soon as counsel is appointed by a Magistrate, several things are to happen. First, counsel is directed to contact Assistant United States Attorney Theodore Shmanda promptly to conduct the discovery necessary for completion of the suppression hearing on February 16 at 4:00 p.m. Second, counsel is directed to contact defendant in an effort to obtain information that will enable counsel to represent defendant most effectively.[5] Third, no longer will supposedly pro se pleadings—quite obviously prepared by Mr. Brunwasser—be accepted for filing. Only pleadings signed by appointed counsel will be accepted and the Court henceforth will deal exclusively with appointed counsel. *See, e.g., Julius v. Johnson,* 755 F.2d 1403 (11th Cir.1985) (defendant has no Sixth Amendment right to act as co-counsel).

Finally, defendant's Motion Raising Question of Criminal Justice Act Insofar as It Impedes Ability of a Defendant To Afford Private Counsel is denied.

---

5. The suppression hearing will go forward on February 16 irrespective of the degree of cooperation by defendant with appointed counsel. Defendant already has been represented by three attorneys, and the Court will not cause any other attorney to be appointed. *See, e.g., Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).