Ervin James HORTON,
Petitioner–Appellant,

v.

Richard L. DUGGER, T.L. Barton,
Respondents–Appellees.

No. 88–3815
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 1, 1990.

---

Ervin James Horton, Starke, Fla., for petitioner-appellant.

Gary L. Printy, Asst. Atty. Gen., Tallahassee, Fla., for respondents-appellees.

Before JOHNSON and ANDERSON, Circuit Judges, and HILL, Senior Circuit Judge.

HILL, Senior Circuit Judge:

## I. INTRODUCTION

Ervin James Horton appeals the denial by the District Court for the Northern District of Florida of his petition for a writ of habeas corpus. The only two issues raised in the district court petition, and thus the only issues properly before this court, involve claims that appellant was denied the right to self-representation both at trial and on appeal.

Because appellant withdrew his request to represent himself and only reasserted that request literally minutes before a rescheduled trial was set to begin, we uphold the trial court's decision to deny the request as untimely.

Although we have no occasion in this case to determine the precise contours of any purported right to self-representation on appeal since appellant presented no evidence that he actually attempted to represent himself on appeal, Mr. Horton was not denied the right to address the appellate court through a pro se brief and thus we find that appellant was not deprived of any right on appeal.

### Facts and Procedural History

Appellant was charged by information with the possession, on June 20, 1980, of a weapon (a knife) while he was a prisoner of the State of Florida, contrary to Fla.Stat. § 944.43 (1979). At his arraignment in state court on September 8, 1980, appellant requested the court's permission to represent himself at trial. After determining that appellant was competent to do so, the court granted Horton's request for self-representation and set a trial date for December 15, 1980.

Just before the trial was set to begin on December 15, 1980, appellant requested the court to (1) appoint a public defender to represent him and (2) grant a continuance in the trial, because appellant was unprepared to proceed, purportedly due to the closure of the prison law library the week proceeding his trial date.[1] The court granted both requests: defense counsel was appointed and the trial was rescheduled for March 18, 1981.

On March 18, 1981, after the jury was empaneled and the trial was set to begin, according to remarks by the trial judge, in only 18 minutes, appellant's defense counsel informed the court that Mr. Horton "wished to proceed pro se in the trial of this cause." The trial judge addressed appellant in the following manner:

THE COURT: All right. As[,] well, the jury has already been selected and sworn to try the issues in this case[,] [i]t's a little late to be entertaining a motion. Is that the essence of your motion, Mr. Horton, that you wish the Public Defender's Office to be released and you hereafter wish to represent yourself?

THE DEFENDANT: I wanted to proceed in this trial, Your Honor, with proper (sic) [*in propria persona*] counsel. I would like—[interruption by the court].

---

1. Appellant represented to the court that the prison library was closed due to "some legal seminar." Appellant did not claim to the district court, nor does he claim before this court, that he was wrongfully denied access to the library.

The trial judge thereafter inquired whether appellant was asking for the court to appoint new counsel. Appellant responded that he felt that his appointed attorney had not been given all the facts and that he (appellant) wanted "all the facts brought out to prove [his] innocence."

After assuring appellant that there had been unrestricted discovery and that nothing would be used at trial that had not been revealed through discovery, the court construed appellant's request as one for substitution of counsel and denied it as untimely since it had been submitted approximately fifteen minutes before trial was set to begin.

After the jury found him guilty of possessing a weapon, Horton appealed his conviction in state court on the ground that the trial court improperly failed to inquire into his desire to represent himself at trial and thereby violated Article 1, Section 16, of the Florida Constitution. After his conviction was affirmed per curiam, appellant filed a petition for a writ of habeas corpus in federal district court, asserting that he was denied his federal constitutional right to represent himself at trial and on appeal. The district court denied the petition and this appeal followed.

## II. DISCUSSION

A. *The Right to Self-Representation at Trial*

The law concerning an accused's right to represent himself at trial is well-established in a line of cases tracing their modern lineage to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We decline to rehearse these doctrines here and instead focus on a defendant's obligation to assert the right to self-representation in a timely manner.

■ The functional right of a defendant to withdraw his request to represent himself and reassert the right to counsel at any time immediately before, or perhaps even during trial, is, absent deliberate manipulation, virtually assured. Although a defendant does not have a right to hybrid representation, *Julius v. Johnson*, 755 F.2d

1403, 1404 (11th Cir.1985), in practice a trial judge is hard-pressed to deny the aid of counsel to a defendant who initially seeks to represent himself but later declares himself legally incompetent to proceed any further. *But see United States v. Solina*, 733 F.2d 1208 (7th Cir.), *cert. denied*, 469 U.S. 1039, 105 S.Ct. 519, 83 L.Ed.2d 408 (1984) (once the *Faretta* inquiry has been held and defendant has been allowed to proceed *pro se*, he may not be able to change his mind and obtain the counsel if that course of action would require a disruptive continuance). In this case, for example, a few hours before trial was originally set to begin on December 18, 1980, appellant requested and was granted his request that counsel be appointed. As a practical matter, the appointment of counsel meant that the trial had to be postponed to allow time for appointed counsel to prepare.

Because of the concern that a defendant can manipulate this situation, and that the eleventh hour assertion of the right is itself a signal that the defendant is wavering in his decision and is likely not to have prepared adequately to present his defense in a competent manner, trial courts have a certain amount of discretion, depending upon the circumstances, to deny such requests as untimely, thus finding that the defendant has waived his right to represent himself. "The right of self-representation may be lost if not timely asserted." Y. Kamisar, W. LaFave, and J. Israel, *Modern Criminal Procedure* 80 (5th ed. 1980).

> The principal reasons advanced for so limiting the *pro se* right stress the interest shared by the state and the accused in securing a fair proceeding, and the need to protect the accused against his own incompetence. Furthermore, it is argued that placing restraints upon mid-trial assertion of the right has the dual benefit of granting the defendant every possible right while simultaneously preserving the capacity of the court to maintain orderly procedure.

Note, 25 Am.U.L.Rev. 897, 912 (1976). Although it did not address the issue directly, the Supreme Court stressed in *Faretta* that the request for self-representation that was

improperly denied by the trial court in that case was made "well before the date of trial." 422 U.S. at 807, 95 S.Ct. at 2527. Appellate courts routinely uphold the discretion of trial courts to deny as untimely requests made after "meaningful trial proceedings" have begun. *See United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986). *See also, Brown v. Wainwright,* 665 F.2d 607, 611 (5th Cir.1982) (en banc). *See generally,* Annotation, *Accused's Right to Represent Himself in State Criminal Proceeding—Modern State Cases,* 98 A.L.R.3d 13, 68–79 and Supp. 22–23 (1980 and Supp.1989) (collecting state cases).

Several courts, including our predecessor the Fifth Circuit, have held that a defendant's request to represent himself is timely if made *prior* to the jury's being selected or sworn. *See Chapman v. United States,* 553 F.2d 886, 887 (5th Cir.1977); *United States v. Price,* 474 F.2d 1223, 1227 (9th Cir.), *reh'g denied,* 484 F.2d 485 (9th Cir.1972).[2] Other courts have expressed the rule as that the right to self-representation must be asserted within a reasonable time prior to the day on which the trial begins. *See, e.g., Russell v. State,* 270 Ind. 55, 383 N.E.2d 309 (1978).

■ Under the circumstances of this case appellant's request was not timely. As noted, appellant had already announced one change of mind as to whether he desired to represent himself. As the jury had already been selected, meaningful trial proceedings had taken place. *See Robards v. Rees,* 789 F.2d 379, 383–384 (6th Cir.1986) (upholding the denial of a request for self-representation made on day of trial after jury had been empaneled). *Cf. Tuitt v. Fair,* 822 F.2d 166, 171–172 (1st Cir.), *cert. denied,* 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987) ("A trial court has extensive discretion over last-minute requests for continuances made in order to secure substitute counsel."); *Brown,* 665 F.2d at 611 (upholding denial of request by defen-

dant on third day of trial to assume his own defense).

A number of state courts have upheld the denial of an eleventh hour request for self-representation under circumstances very similar to those involved in this case. *See Williams v. State,* 655 P.2d 273 (Wyo. 1982) (request for self-representation held untimely when defendant waived initially asserted right to self-representation by allowing public defender to represent him in pretrial proceedings and only reasserted right immediately before trial was set to begin); *People v. Hall,* 87 Cal.App.3d 125, 150 Cal.Rptr. 628 (2d Dist.1978) (request made after the case had been announced but before jury was picked was not timely); *Russell, supra* (motion for self-representation made on day trial was set to begin untimely); *State v. Hegwood,* 345 So.2d 1179 (La.1977) (same).[3]

Appellant's apparent penchant for announcing a change of mind on the day of trial regarding whether he in fact desired to represent himself is important to the proper decision of this case. We need not determine whether appellant's propensity to flip flop on his choice of counsel, and his inartful choice of the phrase "proper counsel" to, in all probability, express that he wanted to proceed *"in propria persona"* were sufficient to support the trial court's denial of his request on the ground that the request was inherently ambiguous. *See Raulerson v. Wainwright,* 732 F.2d 803, 808 (11th Cir.), *cert. denied,* 469 U.S. 966, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984) (request for self-representation must be unambiguous). It is, however, appropriate to consider such conduct in determining whether an otherwise unambiguous request for self-representation is somewhat tardy but nevertheless timely made, or whether the request is a last-minute decision that will lead to rushed procedures and

---

**2.** An exception is recognized when an otherwise timely demand for self-representation is found by the trial court to be for the purpose of delaying the trial. *Fritz v. Spalding,* 682 F.2d 782, 784 (9th Cir.1982).

**3.** *Cf. Boyd v. State,* 683 S.W.2d 542 (Tex.Crim. App.1984) (holding that it was error for trial court to deny as untimely defendant's request for self-representation made *before* jury was empaneled); *Williams v. State,* 337 So.2d 846 (Fla. 2d DCA 1976) (same).

increase the likelihood that defendant's vital interests are not protected.[4]

### B. *The Right to Self-Representation on Appeal*

 Appellant also asserts that he was denied a constitutionally protected right to represent himself on appeal. The State of Florida asserts that even if appellant had sought to represent himself on appeal, the Constitution does not provide a right of self-representation on appeal. *See Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1059–1060, 92 L.Ed. 1356 (1949) (upholding denial of request to participate in oral argument on appeal).

At least one court of appeals has suggested a distinction, however, between the right to argue an appeal personally, which is not protected under the Constitution, *see Price, supra,* and the right to address the appellate court with a *pro se* brief.

> [A] defendant's right to file a *pro se* brief or motions is distinguishable from a defendant's right to make oral argument before the court. [citations omitted] We have no doubt that a defendant is not required to have counsel forced upon him or her. [citations omitted] This rule is true not only at trial but on appeal. Recognition of this principal lends itself to the recognition that *all defendants have a basic right to address the court with a pro se brief.*

*Chamberlain v. Ericksen,* 744 F.2d 628, 630 (8th Cir.1984), *cert. denied,* 470 U.S. 1008, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985) (emphasis added).

Appellant has not argued in the district court or on appeal that he was denied the opportunity to submit a *pro se* brief in the direct appeal of his conviction in the Florida courts. Our review of the record indicates that, apart from the fact that he filed his notice of appeal from his conviction *pro se,* appellant presented no evidence to the district court that he did not desire to be represented by counsel on appeal. This alone is sufficient to dispense with his claim of error.

The judgment of the district court is AFFIRMED.

---

**4.** Horton's conduct could be interpreted as (1) a request for counsel, (2) an untimely assertion of the right to represent himself, or (3) a ploy to plant the seed of trial error.