934 F.2d 323
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Otis FRAZIER, Petitioner-Appellant,
v.
Alethea CAMP, Respondent-Appellee.
 No. 90-2927.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 30, 1991.
Decided June 4, 1991.
 
 Before BAUER, Chief Judge, and WOOD, JR., and EASTERBROOK, Circuit Judges.
 
 ORDER
 I.
 
 1
 Otis Frazier appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The sole issue on appeal is whether the trial court denied Frazier's right to represent himself at trial. We affirm.
 
 
 2
 Frazier was convicted in a Macon County, Illinois court of burglary, Ill.Rev.Stat.1985, ch. 38, p 19-1, and sentenced to nine years in prison. A jury found that Frazier had stolen an air conditioner from the residence of Ray Smith in Decatur, Illinois on June 20, 1987. The police found the air conditioner in the trunk of Bobby Brown (co-defendant) and his wife Wilma's car. Frazier was a passenger in the car at the time the air conditioner was found. A neighbor of Ray Smith's had seen Frazier leaving Smith's home on the day of the burglary.
 
 
 3
 At trial, the state had presented eight of its nine witnesses, and the state was preparing to call its final witness when the following discussion occurred:
 
 
 4
 Mr. Frazier: I was just informed that Mr. Finney [defense counsel] hasn't subpoenaed my witnesses and, see, that's not right. In a court of law I am entitled to have my witnesses here to testify in my behalf. I haven't--he didn't subpoena them and, hey, that shows you right there he's not working in my behalf.
 
 
 5
 The Court: Anything else?
 
 
 6
 Mr. Frazier: I would like to ... have a continuance to get my witnesses here because he hasn't subpoenaed them. I want him dismissed off this case and have another lawyer appointed for me.
 
 
 7
 The Court: Mr. Frazier, there's no way we can do that. This case is virtually finished from the prosecution's standpoint.
 
 
 8
 Mr. Frazier: Without my witnesses being present? I am not entitled to that?
 
 
 9
 The Court: Mr. Frazier, I didn't say that. I said that there is no way that this case can be continued and another attorney step in at this time.
 
 
 10
 Mr. Frazier: What about my witnesses?
 
 
 11
 The Court: That I have no knowledge about, Mr. Frazier.
 
 
 12
 Mr. Frazier: I don't want him to represent me. I dismiss him; Mr. Finney. I will do asking the questions.
 
 
 13
 The Court: No, I'm sorry, Mr. Frazier. You can't do that.
 
 
 14
 Mr. Frazier: You mean to tell me that I can't dismiss my lawyer?
 
 
 15
 The Court: No you can't.
 
 
 16
 Mr. Frazier: So I don't have the constitutional right.
 
 
 17
 The Court: Not at this stage, you don't.
 
 
 18
 Frazier's counsel argued vociferously in behalf of Frazier's request to proceed on his own; however, the trial court thought that the delay would be too substantial, and in addition, Frazier had already made two prior requests for continuances in order to obtain new counsel, which he did not do. The trial continued. Frazier's counsel presented no witnesses. Frazier had wished to call Bobby Brown, the co-defendant, and his wife, Wilma, but Frazier's lawyer chose not to do so because the state had a witness to impeach the Browns' testimony. That testimony would only come in if the Browns took the stand. Frazier was then convicted.
 
 
 19
 On direct appeal, Frazier claimed that the trial court erred in denying his mid-trial request to proceed pro se, and thus, denied him his sixth amendment right to represent himself. Frazier argued that the trial court believed itself to be without the discretion to grant the mid-trial request. The Illinois Appellate Court found that the trial court did not believe itself to be without discretion. Rather, the trial judge was correct that there was no absolute right to represent oneself once trial had begun. People v. Frazier, No. 87-0859, Unpublished Order at 10, (Ill.App. 9/29/88). The Illinois Supreme Court denied review. This habeas petition, in which Frazier raised the same issue, followed.
 
 
 20
 The district court denied habeas relief, finding that Frazier had not made an unequivocal request to represent himself, and therefore, the trial judge did not err in denying the request.
 
 II.
 
 21
 Frazier claims that the trial judge should have construed the mid-trial discussion as a request to proceed pro se and that the request should have been granted pursuant to Faretta v. California, 422 U.S. 806 (1975).[1] Frazier reemphasizes his belief that the trial court mistakenly believed that it was without authority to grant a mid-trial request to proceed pro se and that, therefore, the proceedings violated his Faretta rights.
 
 
 22
 Although Faretta recognized a criminal defendant's right under the sixth amendment to represent himself at trial, in order for a defendant to exercise the right, he must make a timely, unequivocal request to do so. United States v. Oakey, 853 F.2d 551, 553 (7th Cir.1988); Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir.1989); United States v. Smith, 780 F.2d 810 (9th Cir.1986) (demand for self-representation must be made before meaningful trial proceedings, such as jury selection, begin). A defendant waives the Faretta right by not asserting it in a timely, unequivocal fashion, Horton v. Dugger, 895 F.2d 714, 717 (11th Cir.1990); United States v. Lawrence, 605 F.2d 1321, 1324 (4th Cir.1979), although a trial judge retains discretion to grant a mid-trial request. United States v. Seale, 461 F.2d 345, 360 n. 27 (7th Cir.1972). We will not transform an act within the trial court's discretion into a constitutional right.
 
 
 23
 Here, the "request" to proceed pro se was made, if at all, after the prosecution had almost completed its case. Thus, the trial court was correct in stating that Frazier had no constitutional right to represent himself. Petitioner clearly waived his Faretta right. See Oakey, 853 F.2d at 553. Habeas relief is, therefore, unavailable.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 The discussion between Frazier and the trial court indicates that Frazier may have simply been requesting a new attorney, rather than asking to represent himself; however, Frazier never raised an issue in state court or in his habeas petition claiming that the trial judge should have appointed new counsel. Thus, we do not discuss that question