[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2002
THOMAS K. KAHN
CLERK

No. 01-11856

D. C. Docket No. 00-00106 CR-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAPHONSE YOUNG,
a.k.a. Akilio Young,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

**(April 11, 2002)**

Before ANDERSON, Chief Judge, DUBINA, Circuit Judge, and MILLS*, District
Judge.

---

*Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by
designation.

DUBINA, Circuit Judge:

In this case, we consider an issue of first impression in this circuit: whether a defendant's right to proceed *pro se* is unqualified if the defendant asserts his request after the jury is empaneled but before the jury is sworn. Following the dictate of *Chapman v. United States*, 553 F.2d 886 (5th Cir. 1977),[1] and several other circuits' interpretive holdings, we hold that a defendant's right of self-representation is unqualified if the defendant asserts that request before the jury is empaneled, absent any indication that the defendant is attempting to delay the proceedings. Applying this rule to the present case, we conclude that the district court properly denied defendant Laphonse Young's ("Young") request to proceed *pro se* as untimely because Young asserted his request after the jury was empaneled.

## BACKGROUND

The government charged Young in a two-count federal indictment. Count One charged Young with possession of stolen mail, in violation of 21 U.S.C. § 1708. Count Two charged Young with possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The evidence at trial consisted of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

postal inspectors' testimony that numerous individuals complained about stolen mail from post office boxes in the city of Mobile, Alabama. During the investigation, Young became the primary suspect. The postal inspectors set up a video surveillance at one of the post office locations where previous thefts had occurred. The video captured Young taking mail from a post office box. The postal inspectors arrested him. Young proceeded to trial where a jury found him guilty on both counts. Young then perfected this appeal.

## ISSUES

1. Whether the district court properly denied Young's motion to proceed *pro se*.

2. Whether the district court abused its discretion by admitting into evidence the checks comprising Government's Exhibit 11.

3. Whether the district court abused its discretion by admitting hearsay evidence at trial.

4. Whether the prosecutor engaged in misconduct during the closing argument.

5. Whether the postal inspectors violated Young's Fourth Amendment rights by searching his post office box without a warrant.

6. Whether the cumulative impact of the errors asserted by Young deprived him of a fair trial.

## DISCUSSION[2]

Young contends that the district court violated his constitutional right to proceed *pro se*. We disagree and hold that the district court properly denied Young's request as untimely because Young asserted his right after the parties had selected the jury.

In *Faretta v. California*, 422 U.S. 806, 817-18, 95 S.Ct. 2525, 2532 (1975), the Supreme Court held that the Sixth Amendment right to the assistance of counsel includes the right to represent oneself. In making its pronouncement, the Court discussed the timeliness of a request to proceed *pro se*. The Court twice described the timing of Faretta's request to represent himself: once that he requested it "weeks before trial," and once that he requested it "well before the date of trial." 422 U.S. at 835, 807, 95 S.Ct. at 2541, 2527. The Court mentioned the timeliness of the request in both the opening paragraphs and the breadth with which the Court announced its decision. *Id.* at 835-36, 95 S.Ct. at 2541. Although the Court's holding did not specifically concern the timeliness of the defendant's

---

[2] We discuss only Young's first issue regarding his right to proceed *pro se*. Because we find no merit to Young's remaining issues, we affirm the district court's disposition of those issues without further discussion. *See* 11TH CIR. R. 36-1.

request to proceed *pro se*, the Court did discuss the necessity of timeliness of the request.

In discussing *Faretta*, other circuits have considered the timeliness of a defendant's request for self-representation. *See e.g., Buhl v. Cooksey*, 233 F.3d 783, 795 (3d Cir. 2000) (holding that a defendant's request for self-representation was timely because he first made it several weeks before trial and then reasserted the request the day before the trial began); *United States v. Walker*, 142 F.3d 103, 109 (2d Cir. 1998) (holding that a defendant's request for self-representation was untimely although he made it before empaneling of the jury because he asserted the request after nineteen days of voir dire); *Savage v. Estelle*, 924 F.2d 1459, 1463 n.7 (9th Cir. 1990) (noting that the defendant's request for self-representation was timely because he asserted it before *voir dire* and thus before the jury was empaneled); *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979) (holding that a defendant's request for self-representation was untimely because he made it after the jury had been selected and before the trial court had sworn the jury).

Our circuit, however, has not addressed the issue of timeliness of a *pro se* request in a case where a defendant asserts his right of self-representation *after* the parties have selected a jury. Our predecessor, the Fifth Circuit, considered a case

5

where the defendant asserted his right to proceed *pro se* before the empaneling of the jury. *Chapman*, 553 F.2d at 888. In discussing the timeliness of Chapman's request, the court held that "a demand for self-representation must be honored as timely if made before the jury is selected, absent an affirmative showing that it was a tactic to secure delay." *Id.* at 887. Subsequently, our circuit, in *dicta*, stated that "[s]everal courts, including our predecessor the Fifth Circuit, have held that a defendant's request to represent himself is timely if made *prior* to the jury's being selected or sworn." *Horton v. Dugger*, 895 F.2d 714, 717 (11th Cir. 1990). The defendant in *Horton* asserted his right to self-representation after the parties had selected the jury and the trial judge had sworn the jury. Thus, *Horton*'s interpretation of *Chapman*'s holding had no bearing on the facts presented by that case because Horton's request was untimely since it was asserted after the jury was empaneled *and* sworn.

Following our precedent in *Chapman*, we conclude that a defendant's request to proceed *pro se* is untimely if not made before the jury is empaneled. Accordingly, the district court here properly denied Young's request to proceed *pro se* since he made his request after the parties had selected the jury. "[C]ourts must consider the fundamental nature of the right and the legitimate concern for the integrity of the trial process. . . . If there must be a point beyond which the

6

defendant forfeits the unqualified right to defend pro se, that point should not come before meaningful trial proceedings have commenced." *Chapman*, 553 F.2d at 895. In this case, the meaningful trial proceedings commenced when the parties selected the jury; therefore, Young's request for self-representation was untimely.

## CONCLUSION

The precise holding of *Chapman* requires that a district court honor as timely a defendant's demand for self-representation if the defendant asserts the right before the jury is selected, absent an affirmative showing that the defendant made the request in order to delay the trial proceedings. 553 F.2d at 887. Following that precise holding, we conclude that Young's request, which he asserted after the parties selected the jury but before the judge swore the jury, was untimely. Accordingly, we affirm the district court's order denying Young's request to proceed *pro se*.

**AFFIRMED.**