FULMER, Judge.
Victor Lambert appeals his convictions for sale and possession of cocaine, which resulted in concurrent ten-year prison sentences. He argues that the trial court erred when it denied his midtrial request to discharge his attorneys and proceed pro se. We affirm because the request to proceed pro se was untimely.
After the State rested its case, the trial court discussed with Lambert his right to testify on his own behalf. The court then took a brief recess for Lambert to discuss the issue with his counsel. When the court reconvened, Lambert told the judge that he was not happy with his attorney. The judge advised Lambert that if he discharged his counsel he would have to represent himself, and Lambert answered that he would like to be pro se and try the case himself. The trial court ultimately denied Lambert’s request.
On appeal, Lambert argues that he was deprived of his right to self-representation. He asserts that the trial court was obligated to conduct a Faretta[1] hearing to determine whether he was waiving his right to counsel knowingly and voluntarily. Once that was established, Lambert should have been allowed to proceed pro se. The State contends that Lambert’s midtrial request was properly denied because it was untimely. The State relies on federal cases holding that the right to self-representation may be waived if not asserted before trial.
The Eleventh Circuit has held that a defendant’s request for self-representation is untimely per se if it is made after a jury is empaneled. United States v. Young, 287 F.3d 1352 (11th Cir.2002). Although Eleventh Circuit case law is not binding precedent on this court, it is persuasive. State v. Dwyer, 332 So.2d 333, 335 (Fla. *18 1976). Other courts have declined to adopt a per se rule. See, e.g., United States v. Kosmel, 272 F.3d 501, 506 (7th Cir.2001) (holding that once trial begins, court retains discretion to deny right of self-representation after balancing interest of the defendant against the potential disruption of the proceedings); United States v. Wesley, 798 F.2d 1155, 1155-56 (8th Cir.1986) (holding that after trial begins, the right of self-representation is subject to the trial court’s discretion, which requires balancing test).
In this case, we need not decide whether the denial of a request for self-representation based on the right having been untimely asserted should be governed by a per se rule or an abuse of discretion standard because using either standard here produces the same result. Lambert’s request was made at a time in the trial when there was a clear potential for disruption of the proceedings. Thus, the denial of the request was not an abuse of discretion.
Affirmed.
DAVIS and CANADY, JJ., concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).