867 So.2d 1235 (2004)
Derrick Dewon THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1193.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
*1236 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The sole issue presented for our determination in this appeal is whether the trial court erred in denying the appellant his right to self-representation. We conclude that as the appellant failed to make an unequivocal request to represent himself, and as the potential for trial disruption was great if he had been permitted to self-represent, the trial court acted properly, given the difficult circumstances of this case.
The appellant, Derrick Dewon Thomas, was charged with robbery. Because of a conflict on the part of the Public Defender, a private attorney was appointed to represent Mr. Thomas on this charge. Initially, the appellant was determined to be incompetent to stand trial. After commitment *1237 for treatment, however, he was eventually found to be competent to proceed, and the usual pretrial discovery ensued.
On September 30, 2002, Mr. Thomas came before the trial court and asked the court to remove his appointed counsel. The court conducted a Nelson[1] hearing, found that counsel was rendering effective assistance, and told Mr. Thomas in great detail that he would not appoint another "free" lawyer for him. Mr. Thomas said he would hire his own lawyer with the help of his family, and wanted to dismiss his court-appointed counsel. The trial court granted his request and removed counsel, but told him, essentially, that while he would continue the case for a few months, he expected him either to have new counsel or to be prepared to represent himself at trial. Mr. Thomas readily agreed. A month later, however, Mr. Thomas had a change of heart, and wrote the trial judge, requesting that the lawyer he earlier dismissed be placed back on his case. The judge complied.
The case proceeded to trial in February, 2003. After the jury was sworn and after the first witness had testified, Mr. Thomas blew up in court because he was angry that counsel was not asking specific questions that he had requested. After some very heated debate outside of the presence of the jury, and after a number of attempts to calm Mr. Thomas, the judge threatened to bind and gag him because of his very disruptive behavior. Mr. Thomas made it clear that he no longer wanted the appointed attorney to represent him. When the State asked whether the trial court would allow Mr. Thomas to represent himself, the judge indicated that he would not "allow him to proceed without an attorney."
Binding and gagging proved to be unnecessary, and the trial proceeded. Mr. Thomas took the stand and testified in his own defense, and the case concluded without further incident. The jury returned a verdict of guilty of robbery, as charged in the information. Mr. Thomas appeals.
Unquestionably the right of self-representation is conferred by the Sixth Amendment to the United States Constitution. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To exercise that right, however, a defendant must clearly and unequivocally ask to do so. See Howell v. State, 707 So.2d 674 (Fla.1998). Here, Mr. Thomas failed to ask. The right of self-representation does not "attach unless and until it is asserted." Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir.1982).
While Mr. Thomas now argues that the trial court did not inform him of his right to self-representation, the transcript reflects that he was, in fact, informed of that right at the September 22nd hearing. Better practice would clearly have been to give that advice in a more explicit manner, but the trial court did unquestionably tell him that if he chose to dismiss his appointed counsel, he would have to either hire a lawyer at his own expense, or be prepared to represent himself. At no time did Mr. Thomas indicate any preference for self-representation. Instead, he made it abundantly clear that he wanted a different lawyer. The Sixth Amendment right to self-representation can only be exercised by giving up another fundamental right the right to counsel. See Buhl v. Cooksey, 233 F.3d 783 (3d Cir.2000). The record reflects no instance when Mr. Thomas showed any inclination to waive this valuable right.
*1238 Mr. Thomas also argues that he should have been apprised of his right of self-representation after trial began, at the time that he expressed strong dissatisfaction with his attorney. He asserts that the trial judge was obligated to conduct a Faretta hearing to determine whether he was knowingly and voluntarily waiving his right to counsel. Once again, however, Mr. Thomas never indicated that he wanted to give up his right to counsel. He just wanted a different lawyer.
The State also argues that Mr. Thomas' outburst seeking a new attorney after trial began came too late. While the State relies on federal cases[2] holding that the right to self-representation is waived if not asserted before trial (the per se rule), we note that other federal cases hold that the trial judge should balance the right of the defendant to represent himself against the potential disruption of the trial proceedings (the abuse of discretion rule).[3]
We need not address that issue at present, however. As in Lambert v. State, 864 So.2d 17 (Fla. 2d DCA), review denied, No SC03-1786 (Fla.2003), Mr. Thomas' request was "made at a time in the trial when there was a clear potential for disruption of the proceedings." Moreover, Mr. Thomas demonstrated both vocally and physically that trial disruption was very likely to occur. In order to be entitled to self-representation, a defendant must show that he or she has the ability and willingness to abide by the rules of procedure and courtroom protocol. Cf., McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." Faretta, 422 U.S. at 834, 95 S.Ct. 2525. Even under the more flexible abuse of discretion standard of review, therefore, the trial court committed no error, in view of the obstreperous behavior of Mr. Thomas.
AFFIRMED.
SHARP, W., and TORPY, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] See, e.g., United State v. Young, 287 F.3d 1352 (11th Cir.2002).
[3] See, e.g., United States v. Kosmel, 272 F.3d 501 (7th Cir.2001).