**Louise RHODES, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3184.

United States Court of Appeals, Federal Circuit.

**Mark A. CLIFFORD, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 04–5098.

United States Court of Appeals, Federal Circuit.

Sept. 14, 2004.

Mark A. Clifford, Charleston, WV, for Plaintiff–Appellant.

Michael N. Cohen, Washington, DC, for Defendant–Appellee.

ORDER

DECIDED: Sept. 15, 2004.

Rhodes, Louise, Dallas, TX, pro se.

Before MICHEL, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Petitioner Louise Rhodes ("Rhodes") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), affirming the determination by respondent, the Office of Personnel Management ("OPM"), that she did not qualify for immediate retirement and the annuity that comes with such retirement. *Rhodes v. Office of Pers. Mgmt.*, No. DA0831030071–I–1, 95 M.S.P.R. 433 (M.S.P.B. Jan.20, 2004). We *affirm*.

## BACKGROUND

Rhodes began employment with the Internal Revenue Service ("IRS") on September 29, 1980. She resigned from the IRS on February 23, 2002, and filed an application for immediate retirement with OPM on February 28, 2002. At the time of her application, Rhodes was 55 years of age and had been employed at the IRS for 21 years, 4 months, and 25 days. OPM denied her application because "[i]n order to be eligible for an immediate retirement, [Rhodes] must be at least 55 years of age with a minimum of 30 years of creditable Federal service, [or] age 60 with 20 years

of service." (Def.App. at 32.) Rhodes requested reconsideration by OPM, which was denied, and the OPM decision became final on October 1, 2002.

Rhodes then appealed to the Board, claiming that she was eligible for immediate retirement. The Board Administrative Law Judge affirmed OPM's determination because Rhodes did not meet any of the relevant criteria for immediate retirement provided in 5 U.S.C. § 8336. Rhodes sought review by the full Board, which was denied, and the Board decision became final on January 20, 2004.

Rhodes timely filed her petition to this court on March 16, 2004. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed.Cir.1998).

Immediate retirement of federal employees is governed by 5 U.S.C. § 8336. There are three sections under which Rhodes could potentially claim entitlement to immediate retirement. The first is 5 U.S.C. § 8336(a), which provides that an employee who is 55 years of age and has 30 years of service is entitled to immediate retirement. It is undisputed that while Rhodes was 55 years of age at the time of her application, she did not have 30 years of service. Therefore, she was not entitled to immediate retirement under 5 U.S.C. § 8336(a).

The second potentially applicable section is 5 U.S.C. § 8336(d)(1), which provides that an employee who is 50 years of age,

who has 20 years of service, and who was separated involuntarily, is entitled to immediate retirement. It is also undisputed that at the time of her application, Rhodes had over 20 years of service. In addition, however, Rhodes must demonstrate that she was separated "involuntarily" to claim immediate retirement under this section.

This court held in *Nebblett v. Office of Pers. Mgmt.*, 237 F.3d 1353 (Fed.Cir.2001) that involuntary separation under 5 U.S.C. § 8336(d)(1) must "stem from a lawful agency act." *Id.* at 1358. Rhodes does not allege that any lawful agency act caused her separation. Rather, she alleges that she was subject to fraud, harassment and retaliation for making claims of discrimination and whistleblowing.

■ As serious as Rhodes' claims of fraud, harassment and retaliation may be, they cannot form the basis of a claim to immediate retirement under 5 U.S.C. § 8336(d)(1) because they are all examples of alleged *unlawful* agency action. *See Nebblett*, 237 F.3d at 1358. So long as Rhodes submitted a facially voluntary resignation—which she did—allegations of unlawful coercion by the agency, even if proven, do not render the separation involuntary for the purposes of 5 U.S.C. § 8336(d)(1). Therefore, the Board did not err in finding that Rhodes was not entitled to immediate retirement under 5 U.S.C. § 8336(d)(1).

■ The third statutory provision relevant to Rhodes' claim to immediate retirement is 5 U.S.C. § 8336(d)(2), which entitles an employee with 50 years of age and 20 years of service to immediate retirement if separated in a period in which OPM determines that the agency in which the employee served underwent "a major reorganization, a major reduction in force, or a major transfer of function," among other statutory requirements. *See* 5 U.S.C. § 8336(d)(2) (2000) (amended Nov.

25, 2002). It is undisputed that Rhodes was separated from the IRS on February 23, 2002. There is no evidence in the record that the IRS was undergoing a major reorganization, reduction in force, or transfer of function in February of 2002, and Rhodes only makes the unsupported assertion that the IRS was continuing restructuring under the Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105–206, 112 Stat. 685, because such restructuring "takes years." (Pet. Br. at 7.) The Board correctly held that Rhodes bore the burden of proving her entitlement to the benefits, *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed.Cir.1986), and its finding that she has not demonstrated that the IRS was undergoing a major reorganization at the time of her separation is amply supported by the record. The Board did not err in finding that Rhodes was not entitled to immediate retirement under 5 U.S.C. § 8336(d)(2).

Rhodes also claims that she was retaliated against as a whistleblower, in contravention of the Whistleblower Protection Act of 1989 ("WPA"), Pub.L. No. 101–12, 103 Stat. 16. Under the WPA, an employee has an individual right of action for unlawful retaliation against whistleblowers. 5 U.S.C. § 1221(a) (2000). From the record before us, however, it appears that Rhodes has not demonstrated that she has exhausted her administrative remedies, which is a prerequisite for Board review under § 1221(a). *Knollenberg v. Merit Sys. Prot. Bd.*, 953 F.2d 623, 625–26 (Fed. Cir.1992). Therefore, the Board did not err in not addressing the WPA claim and there is no basis for remanding to the Board.

## CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

## COSTS

No costs.