[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12944
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20784-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDY ED DORMEUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Rudy Ed Dormeus appeals his convictions and 84-month total sentence after a jury found him guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of controlled substances with intent to distribute, in violation of 18 U.S.C. § 841(a)(1). First, Dormeus argues that the district court denied his Sixth Amendment right to self-representation when it refused his request to proceed *pro se* at trial. Second, he contends that the court erred at sentencing by refusing to award a downward adjustment for acceptance of responsibility. Finally, Dormeus argues that the district court erred by imposing a four-level enhancement for possession of a firearm in furtherance of a felony offense. After careful review, we affirm.

## I. Right to Counsel

First, Dormeus argues that his Sixth Amendment right to self-representation was violated when the district court refused his request to proceed *pro se* at trial. Whether a defendant waived his right to counsel is a mixed question of law and fact that is reviewed *de novo*. *United States v. Evans*, 478 F.3d 1332, 1340 (11th Cir. 2007). A violation of the right to self-representation is not subject to harmless error review, but instead requires automatic reversal. *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8, 104 S. Ct. 944, 950 n.8 (1984).

A federal criminal defendant has both a constitutional and a statutory right to proceed without counsel. *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525,

2

2533 (1975); 28 U.S.C. § 1654.  This Court has held that "a defendant's right of self-representation is unqualified if the defendant asserts that right before the jury is empaneled, absent any indication that the defendant is attempting to delay the proceedings."  *United States v. Young*, 287 F.3d 1352, 1353 (11th Cir. 2002).

"Before a court allows a criminal defendant to proceed *pro se*, the defendant must clearly and unequivocally assert his right of self-representation."  *Nelson v. Alabama*, 292 F.3d 1291, 1295 (11th Cir. 2002) (habeas case).  If a defendant does not clearly invoke the right to self-representation, the trial court may allow hybrid counsel at its discretion.  *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987).  That said, to invoke his Sixth Amendment right, "a defendant does not need to recite some talismanic formula hoping to open the eyes and ears of the court to his request[, but] . . . must do no more than state his request, either orally or in writing, unambiguously to the court so that no reasonable person can say that the request was not made."  *Dorman v. Wainwright*, 798 F.2d 1358, 1366 (11th Cir. 1986) (habeas case).

Here, the district court did not violate Dormeus's Sixth Amendment right to self-representation because Dormeus did not "clearly and unequivocally" assert his desire to proceed *pro se* throughout the trial.  *See Nelson*, 292 F.3d at 1295.

In February 2012, days before trial was set to begin, Dormeus, who was represented at trial by appointed counsel, filed a *pro se* motion to dismiss the

3

indictment.  The district court struck the motion pursuant to a local rule that required represented parties to act through legal counsel.

On March 1, 2012, the parties appeared before the court for the start of trial. Immediately before prospective jurors were called for *voir dire*, defendant's counsel advised the court that he and Dormeus were having a disagreement over Dormeus's motion to dismiss the indictment.  Dormeus argued that his appointed attorney was "not in my best interest so I'm taking it pro se, that's for my motion to be addressed."  Doc. 62 at 5.  Dormeus then continued that he wanted to proceed *pro se* because "I need my motion to be addressed" and "I told [my attorney] to address the motion he's not addressing it.  That's why I feel like he's not in my best interest right now."  *Id.* at 6.  He continued that "I have told you my only address [to appointed counsel] is to address the motion."  *Id.* at 9.  The district court denied his request to proceed *pro se*.  After a brief recess, Dormeus again indicated that he "just need[ed] somebody to represent the motion for me, speak it up.  If [my appointed counsel] wanted to go ahead and read what the motion said, that's what I'm trying to present towards the courts."  Doc. 69 at 2-3.  Because Dormeus's appointed counsel represented to the court that he saw no legal basis to proceed with Dormeus's motion and that he did not feel he could ethically file the motion on his own, the district court gave Dormeus an opportunity to defend his

4

motion and read the motion verbatim on the record. The district court then denied the motion on the merits and explained why the motion was meritless.

Subsequently, right before the beginning of trial, Dormeus filed another motion to dismiss the indictment. The district court read the motion and denied the motion on the merits. After the district court denied the motion, the trial proceeded and Dormeus remained represented by appointed counsel. Dormeus did not raise objection to his appointed counsel and did not ask to proceed *pro se* throughout the trial or on another motion.

Dormeus argues that his Sixth Amendment rights were violated because he clearly requested to proceed *pro se* throughout the entirety of the trial and the district court did not follow the proper procedures in denying his request. A thorough review of the record, however, shows that his Sixth Amendment rights were not violated. We hold that Dormeus did not clearly and unequivocally assert his right to proceed *pro se* throughout the entirety of the trial. Instead, we read the entirety of the record as indicating that Dormeus merely desired to have his motions considered—which they were—and was only requesting to proceed *pro se* on his motions to dismiss the indictment if his appointed counsel would not assist him. The district court permitted Dormeus to argue the motions and ultimately denied the motions on the merits. In fact, the district court denied Dormeus's substantially similar arguments twice on the merits. After having his motions

5

denied, Dormeus never requested to proceed *pro se* throughout the trial or filed any additional *pro se* motions to the court. Dormeus never requested, for example, to conduct *voir dire* without assistance of counsel, to cross-examine witnesses without assistance of counsel, or to give closing statements without assistance of counsel. Dormeus's statements and conduct were required to be made "unambiguously to the court so that no reasonable person can say that the request was not made," *see Dorman*, 798 F.2d at 1366, and here Dormeus's statements and conduct do not unambiguously indicate his desire to proceed *pro se* throughout the entirety of the trial. For these reasons, Dormeus's Sixth Amendment rights were not violated.

## II. Acceptance of Responsibility

Second, Dormeus argues that the district court erred in not granting him a two-level downward adjustment for acceptance of responsibility. "We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error." *United States v. Williams*, 408 F.3d 745, 756 (11th Cir. 2005).

The Sentencing Guidelines provide that a defendant's offense level should be decreased by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). To determine whether a two-level reduction under § 3E1.1(a) is warranted, the sentencing court considers

whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction." *Id.*, comment. (n.1(A)). The timeliness of the defendant's acceptance of responsibility is an important consideration in determining the propriety of the adjustment. *Id.*, comment. (n.1(H)). An acceptance of responsibility adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.*, comment. (n.2). It is only in "rare situations" that a conviction by trial does not automatically preclude an adjustment, such as where a defendant "goes to trial to assert and preserve issues" concerning a constitutional challenge not related to factual guilt. *Id.* "[A] determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id.*

Here, the district court did not clearly err in denying Dormeus a two-level adjustment for acceptance of responsibility. Although Dormeus admitted in his post-arrest interview to selling drugs and possessing a firearm, essential elements of Counts 1 and 3, during that same interview he later retreated from his admission and maintained that he was only using drugs, not selling them. Further, although proceeding to trial does not necessarily preclude a defendant from receiving a downward adjustment, this is not one of the "rare" qualifying cases described under § 3E1.1. Instead, Dormeus contested his factual guilt as to Count 3 during

7

his post-arrest interview, and then proceeded to put the government to its burden of proof at trial. Only after the government introduced overwhelming evidence of guilt at trial did defense counsel essentially concede guilt on Counts 1 and 3 during closing argument. The district court's decision to discount that concession and decline to award a downward adjustment was not clearly erroneous in light of its timing, the above considerations, and the fact that an acceptance of responsibility adjustment should "be based primarily upon pre-trial statements and conduct." *Id.*

### III. Firearm Possession

While acknowledging that his position is foreclosed by this Court's precedent in *United States v. Faust*, 456 F.3d 1342 (11th Cir. 2006), Dormeus argues that the district court erred by considering acquitted conduct in imposing his sentence. We review the district court's application and interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir. 2007). However, under the prior precedent rule, a panel of this Court is bound to follow a prior binding precedent unless and until it is overruled by this Court sitting en banc or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Here, the district court did not err. First, imposition of the four-level § 2K2.1(b)(6)(B) enhancement does not implicate any Sixth Amendment concerns or this Court's decision in *Faust*. The district court did not impose the

8

enhancement because it found that Dormeus possessed a firearm "in furtherance" of a drug-trafficking crime—conduct charged under Count 2 for which he was acquitted—but instead imposed the enhancement because it found that Dormeus possessed a firearm "in connection" with such offense, meaning that his possession "ha[d] the potential of facilitating another felony offense." *See* U.S.S.G. § 2K2.1, comment. (n.14(B)).  Both the Guidelines and this Court provide that a firearm found in close proximity to drugs and drug-related items has the potential to facilitate a drug offense. *See id.*; *United States v. Carillo-Ayala*, 713 F.3d 82, 92 (11th Cir. 2013).  In any case, even if the court's finding was at odds with the jury's acquittal, as Dormeus argues, the district court's imposition of the enhancement would still stand because, as he concedes, his argument that his constitutional rights were violated is squarely foreclosed by this Court's binding precedent in *Faust*.  *See Vega-Castillo*, 540 F.3d at 1236.

## IV. Conclusion

After thorough consideration of the record and the parties' briefs on appeal, we affirm Dormeus's convictions and sentences.

**AFFIRMED.**

9