**Gary Don BOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00570–CR.**

Court of Appeals of Texas, Dallas.

Dec. 11, 1984.

543

Gary Don Boyd, pro se.

F. Duncan Thomas, Dist. Atty., Greenville, for appellee.

Before GUITTARD, C.J., and STEPHENS and STEWART, JJ.

GUITTARD, Chief Justice.

Appellant was convicted by a jury of escape. His punishment, enhanced by two prior felony convictions, was assessed by the trial judge at life in the Texas Department of Corrections. On appeal, appellant, proceeding *pro se*, complains of the trial court's denial of his motion to dismiss counsel and to proceed pro se. We hold that the motion was improperly denied. Therefore, we reverse the judgment of the trial court and remand the case for a new trial without addressing appellant's other grounds of error.

■ According to *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), the Sixth Amendment gives a person accused of crime the right to represent himself. As *Faretta* says, "Forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so." *Faretta,* 422 U.S. at 817, 95 S.Ct. at 2532. The ultimate choice to represent himself or to proceed with counsel is the defendant's. *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541;

*Blankenship v. State,* 673 S.W.2d 578, 583 (Tex.Crim.App.1984) (en banc).

In this case appellant moved at the pretrial stage to be allowed to participate in defending the case along with the appointed attorney. That motion was overruled. Appellant then moved to dismiss the appointed attorney and be allowed to proceed as his own counsel. In response to inquiries by the judge, appellant said that he had completed one year of college, but admitted that he had no experience in law, knew nothing of the rules of evidence and procedure, and knew very little about the law generally. Without making any further inquiry or giving any explanations or warnings concerning the danger of self-representation, the court overruled his motion and proceeded with the lawyer previously appointed.

■ Appellant's request for self-representation was timely, since it was made before the jury was empaneled. *Blankenship,* 673 S.W.2d at 585. We hold, in the light of *Blankenship* and *Faretta,* that denial of his constitutional right of self-representation was reversible error.

■ In view of another trial, we point out that the judge's explanations and warnings were probably not sufficient to show a knowing and intelligent waiver of counsel, which the record must show when a defendant is permitted to represent himself. *Martin v. State,* 630 S.W.2d 952, 954 (Tex. Crim.App.1982) (en banc). The trial judge had the duty to give appellant the necessary explanations and warnings before ruling on his request for self-representation. The judge's failure to do so, however, cannot prejudice appellant's constitutional right to represent himself. On another trial, therefore, before permitting appellant to proceed *pro se,* the court is instructed to make such inquiry into appellant's capacity to represent himself and give him such explanations and warnings of the dangers of self-representation as may be necessary to make sure that appellant has made a

knowing and intelligent waiver of his right to the assistance of counsel.

Reversed and remanded.