**Jerry Frank BIRDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–98–01317–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1999.

Brian Wice, Houston, for appellant.

Carmen Mitchell, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## OPINION

EDELMAN, Justice.

Jerry Frank Birdwell appeals a misdemeanor conviction for failing to stop and give information on the grounds that the trial court erred in denying him his right of self-representation and that the evidence is legally and factually insufficient to support the conviction. We reverse and remand.

Appellant and the complainant were involved in an auto accident. They drove to a gas station where complainant called the police. Appellant requested that they exchange insurance information and, initially, the complainant told him she wanted to wait until the police arrived. However, when the complainant subsequently approached appellant with her information, appellant drove off.

At trial, the jury found appellant guilty of the misdemeanor offense of failing to stop and give information as alleged in the information and assessed a $350 fine as punishment.

## Right of Self–Representation

In points of error one and two, appellant contends that the trial court erred in denying his right of self-representation in violation of the United States and Texas Constitutions. After each side had announced ready to proceed, but prior to the venire being brought into the courtroom for jury selection, the following exchange occurred:

MR. SPROTT: Mr. Birdwell has a motion he wants to make, Your Honor, for the record.

THE COURT: Well, he doesn't have any standing to make any motions. In fact, Mr. Birdwell, you better remain silent in the course of this trial and not make any gestures or mannerisms to this jury. He may communicate to you, however, you are representing him, Mr. Sprott. All right.

MR. SPROTT: He wants me to tell you he wants to represent himself.

THE COURT: He wants to represent himself. Well, *I'm not going to delay this trial any longer.* I've appointed Mr. Sprott to represent you. He has represented you this far, he will continue to represent you in this case. So that is my order.

MR. BIRDWELL: Would you mind a record that I—

THE COURT: I'm not communicating to you, Mr. Birdwell, unless I direct my comments to you.

MR. BIRDWELL: May I make a record that I would like to represent myself and the Court denied it?

THE COURT: That's right.

MR. SPROTT: She's got that on the record, the court reporter is taking it down.

THE COURT: All right . . .

(emphasis added).

Appellant argues that he asserted his right of self-representation timely, clearly, and unequivocally and that the trial judge's cursory denial of his request was error. Although the judge premised the

denial of appellant's right of self-representation on a concern regarding delay, appellant asserts that the record does not affirmatively reveal that his request was made to achieve delay or tactical advantage, or that it would have resulted in delay; particularly because appellant did not demand the appointment of different counsel but merely requested to proceed in his own behalf.

■ The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or federal court has the right to self-representation. *See Faretta v. California*, 422 U.S. 806, 819–20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Moore v. State*, 999 S.W.2d 385, 396 (Tex.Crim. App.1999).[1] The right to self-representation does not attach, however, until it has been clearly and unequivocally asserted. *See Ex parte Winton*, 837 S.W.2d 134, 135 (Tex.Crim.App.1992). It must also be asserted in a timely manner, namely, before the jury is empaneled. *See McDuff v.. State*, 939 S.W.2d 607, 619 ( Tex.Crim.App. 1997). Once the right has been asserted, the trial judge is *obliged* to make the accused aware of the consequences of self-representation. *See Faretta*, 422 U.S. at 835, 95 S.Ct. 2525; *Winton*, 837 S.W.2d at 135. Thereafter, if the accused maintains his desire to proceed pro se, he should be allowed to do so as long as the assertion of his right to self-representation is unconditional and not asserted to disrupt or delay the proceedings. *See id.* However, although an exercise of the right of self-representation may cause some inconvenience or even disruption in the trial proceedings, so long as it is not a calculated obstruction, this delay cannot deprive the accused of the right once properly asserted. *See Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex.Crim.App.1989). An accused must be permitted to conduct his own defense, even if to his own detriment, if that is his informed choice. *See Faretta*, 422 U.S. at 834, 95 S.Ct. 2525; *Scarbrough*, 777 S.W.2d at 92. A defendant's clear and unequivocal request for self-representation, followed by an unmistakable denial of that right, is sufficient to preserve the alleged error. *See Funderburg v. State*, 717 S.W.2d 637, 642 n. 6. (Tex.Crim.App. 1986).

■ In this case, appellant clearly and unequivocally stated that he wished to represent himself. Because appellant's request was made prior to the jury being empaneled, it was made timely, and there were no conditions attached to the request. However, the State contends that appellant's request was untimely, being made on the day of trial, and that because the trial judge was able to view appellant's demeanor upon making such a request, he properly concluded that appellant had made the request for purposes of delay. The State cites *Blankenship* for the proposition that the trial court can properly deny a request for self-representation if the trial court concludes, without additional evidence in the record, that a defendant's assertion of the right to self-representation was made for delay, that it would have resulted in delay, or that the trial court denied the request on the *assumption* it would have resulted in delay. *See Blankenship v. State*, 673 S.W.2d 578, 585 (Tex.Crim.App. 1984). The State further argues that appellant's demeanor upon making the request apparently indicated to the trial court that the appellant was asserting the right for purposes of delay. However, the portion of *Blankenship* relied upon by the State discusses a request for a *change* in counsel, rather than a request to proceed pro se.[2] The State has cited and we have

---

1. The right to self-representation has been applied to misdemeanor offenses as well as felonies. *See, e.g., Goffney v. State*, 843 S.W.2d 583 (Tex.Crim.App.1992); *Blocker v. State*, 889 S.W.2d 506 (Tex.App.—Houston [14th Dist.] 1994, no pet.).

2. *See also Robles v. State*, 577 S.W.2d 699, 704 (Tex.Crim.App.1979) (stating "It should be remembered, however, an accused's right to represent himself or select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere

found no case in which denial of the right of self representation was based on an assumed delay merely from proceeding pro se. Morever, were we to follow the State's reasoning, it could effectively insulate denials of self-representation from meaningful appellate review.

In this case, appellant announced ready prior to his request to proceed pro se. He did not request access to legal materials or condition his request on a continuance or in any other manner. From this record, there is no basis to conclude that granting appellant's request was likely to result in delay.[3]

■ The State also argues that denying appellant's request was proper because the record does not affirmatively show that he was aware of the dangers and disadvantages of representing himself and that he was competent to choose to represent himself. However, once appellant unequivocally and timely asserted his right to self-representation, it was the trial court's duty to give the necessary explanations and warnings before ruling on his request. *See Winton,* 837 S.W.2d at 135; *Boyd v. State,* 683 S.W.2d 542, 543 (Tex.App.—Dallas 1984, no pet.).[4] The judge's failure to do so cannot prejudice appellant's constitutional right to self-representation. *See Boyd,* 683 S.W.2d at 543.

Because the denial of appellant's right to self-representation was not justified and is not subject to harmless error analysis,[5] we sustain appellant's points of error one and two.

## Legal and Factual Sufficiency

■ Points of error three and four assert that the evidence was legally and factually insufficient to support the jury's verdict because it is uncontradicted that appellant physically stopped his vehicle at the scene of the accident, waited there an hour, and offered to exchange his information with the complainant, who was initially unwilling to do so until the police arrived. Appellant argues that common sense dictates there is a limit to the amount of time that a citizen must remain at an accident scene, offering to exchange information, before that citizen may leave. Moreover, he argues that this evidence compels the conclusion that the verdict is so clearly against the great weight and preponderance of the evidence as to be manifestly unjust.

### Standard of Review

When reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether

with the fair administration of justice. An accused, therefore, may not wait until the day of trial to *demand different counsel* or to request that counsel be dismissed *so that he may retain other counsel.")* (emphasis added) (citations omitted).

3. *See, e. g., Winton,* 837 S.W.2d at 136 (claiming that because the trial judge found no evidence that appellant's assertion of his right to self-representation was untimely, conditional, or that it would have been disruptive, or dilatory, there was no justification for denying that right); *Johnson v. State,* 676 S.W.2d 416, 420 (Tex.Crim.App.1984) (reversing a decision denying appellant the right to self-representation, noting "there is not anything in this record that would reflect that had the trial judge honored appellant's demand for self-representation at that point in time, [it] would have caused such a disruption of the proceedings as to have affected the

administration of justice."); *Scarbrough,* 777 S.W.2d at 94 n. 3 (noting that courts should "hesitate to deny an asserted right to self representation solely on the basis of *predictions* of likely recalcitrant behavior.... [W]e find no support in the record to justify concluding appellant's assertion of his right to self representation was calculated to obstruct, or would likely result in a farce and mockery of justice and the judicial process.").

4. Had the trial court made appellant aware of the consequences of self-representation, it is possible that he would have withdrawn the request or been found incapable of making an intelligent waiver. The trial court also had the option to appoint "stand-by" counsel. *See Faretta,* 422 U.S. at 834 n. 46, 95 S.Ct. 2525.

5. *See McKaskle v. Wiggins,* 465 U.S. 168, 177, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Kutzner v. State,* 994 S.W.2d 180, 184 (Tex.Crim.App.1999). The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996).

In reviewing factual sufficiency, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Kutzner,* 994 S.W.2d at 184. A factual sufficiency review takes into consideration *all* of the evidence and weighs the evidence tending to prove the existence of the fact in dispute against the contradictory evidence. *See Fuentes v. State,* 991 S.W.2d 267, 271 (Tex.Crim.App. 1999).

The driver of a vehicle involved in an accident resulting only in damage to another vehicle must immediately stop at the scene of the accident and remain there until he has provided the other driver with: (1) his name and address, the registration number [6] of his vehicle, and the name and address of his liability insurer, and (2) if requested and available, his driver's license. *See* Tex.Transp.Code Ann. §§ 550.022(a), 550.023 (Vernon 1999). Failure to comply with these requirements is a Class B misdemeanor if the damage to all vehicles is $200 or more. *See id.* § 550.022(c)(2).

The information in this case alleged that appellant was involved in an accident that resulted only in damage to a vehicle driven by the complainant and that appellant failed to "stop his vehicle at the scene of said accident and give his name, his address, [his] registration number ... and exhibit his operator's license and the name of [appellant's] motor vehicle liability insurer to complainant."

*Sufficiency Review*

The State presented the testimony of the complainant, a bystander witness, and the officer who eventually arrived upon the scene. The evidence indicated that appellant's vehicle collided with complainant's vehicle and both drivers pulled into a gas station nearby. The complainant testified that appellant initially approached her-within approximately the first fifteen minutes of the accident-and offered to exchange information; however, the complainant suggested that they wait until the police arrive. After the complainant and appellant had waited for the police for about an hour, the complainant told appellant she would retrieve her information from her car. When she returned to appellant's car with her information in hand, appellant said he did not have time and quickly drove away. The evidence establishes, and appellant does not deny, that he left the scene without providing the statutorily required information.

Although appellant stopped at the scene of the accident [7] and initially offered to exchange information with the complainant, at no point did he present or even display any information to the complainant before leaving the scene.[8] Viewing the

6. Vehicle registration number means license plate number. *See Morris v. State,* 786 S.W.2d 451, 454–55 (Tex.App.—Dallas 1990, writ ref'd).

7. Appellant argues that because the information alleged, in part, that he failed to stop, but the evidence is uncontroverted that he did stop, the State's failure to prove the he did not stop alone renders the evidence legally insufficient. We disagree. Appellant was required by law to *both* stop *and* provide infor-

mation and was charged with the failure to do *both.* It was not necessary for the State to prove that he failed to do *each.* Rather, the requirement to do both cannot be satisfied where there is a failure to do either. Therefore by failing to provide information, appellant violated the requirement to both stop and provide information.

8. Appellant's violation was thus not in failing to wait longer but in failing to actually present any information to the complainant before

evidence in the light most favorable to the verdict, a rational trier of fact could have found, beyond a reasonable doubt, that appellant failed to provide his name and address, driver's license, and the name and address of his liability insurer to the complainant. Moreover, the verdict is not so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust because there is no evidence that appellant presented any of the required information. Appellant's third and fourth points of error are thus overruled.

Because we have sustained appellant's first and second points of error, the judgment of the trial court is reversed, and the case is remanded for further proceedings.

---

he left. Although we agree that the complainant's delay in providing the information was not justified, it did not excuse appellant's non-compliance.