Reversed and Remanded and Memorandum Opinion filed March 15, 2005









Reversed and Remanded and Memorandum Opinion filed
March 15, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00107-CR

____________

 

ROBERT EDWARD
JONES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 00CR0980

 



 

M E M O R A N D U M   O P I N I O N

Appellant Robert Edward Jones was
convicted by a jury of sexual assault. 
In this appeal, appellant argues the trial court erred by (1) denying
appellant his Sixth Amendment right to self-representation, (2) denying appellant’s
motion to dismiss the indictment for failure to comply with the provisions of
the Interstate Agreement on Detainers Act, (3) denying appellant’s motion to
quash the indictment, and (4) by assessing punishment under an incorrect
section of the Texas Penal Code. 
Appellant also maintains that he received ineffective assistance of
counsel.  Because we agree that
appellant’s Sixth Amendment right to self-representation was violated, we
reverse and remand for a new trial. 








In his first issue, appellant argues that
the trial court erred by denying appellant his Sixth Amendment right to
represent himself at trial.  Appellant
twice requested that he be allowed to represent himself.  Appellant’s requests were clear and
unequivocal; he signed a waiver of appointed counsel form and submitted at
least two motions to proceed pro se.  At
the first of two hearings on the issue, appellant stated that he had bad
experiences with court-appointed attorneys in the past and that he simply
wished to assert his Sixth Amendment right to self-representation.  The trial judge appointed an attorney to
consult with appellant, but expressly stated that appellant was not waiving his
right to self-representation.  Appellant
acquiesced and later accepted the services of the court-appointed attorney
under the condition that the attorney could not agree to a continuance.  After the trial court granted a continuance,
appellant again moved to proceed pro se. 
At the second hearing on appellant’s request to proceed pro se, the
trial court denied appellant’s request. 
On appeal, the State concedes that it was reversible error not to allow
appellant to represent himself.

The Sixth and Fourteenth Amendments to the
U.S. Constitution guarantee that the accused in any state or federal court has
the right to self-representation.  See
Faretta v. California, 422 U.S. 806, 818–20 (1975).  The right to self-representation does not
attach, however, until it has been clearly and
unequivocally asserted.  See Ex parte
Winton, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992). It must also be
asserted in a timely manner, namely, before the jury is empaneled.  Id.  Once the right has been asserted, the trial
judge is obliged to make the accused aware of the consequences of
self-representation.  See Faretta,
422 U.S. at 835; Winton, 837 S.W.2d at 135.  Thereafter, if the accused maintains his
desire to proceed pro se, he should be allowed to do so as long as the
assertion of his right to self-representation is unconditional and not asserted
to disrupt or delay the proceedings.  Winton,
837 S.W.2d at 135.  A defendant's clear
and unequivocal request for self-representation, followed by an unmistakable
denial of that right, is sufficient to preserve the alleged error.  See Funderburg v. State, 717 S.W.2d 637,
642 n.6 (Tex. Crim. App. 1986); Birdwell v. State, 10 S.W.3d 74, 77
(Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).








Here, appellant clearly and unequivocally
expressed that he wanted to represent himself. 
Appellant’s request was timely because it occurred before a jury had
been empaneled.  Further, the trial court
warned appellant of the dangers of representing himself, and appellant
persisted with his request.  Because
appellant made an unequivocal, timely request to represent himself, the trial
court erred in refusing this request. 
Accordingly, we sustain appellant’s first issue.

In his second issue, appellant argues that
the trial court erred in denying appellant’s motion to dismiss the indictment
based on violations of the Interstate Agreement on Detainers Act (IADA).  See Tex.
Code Crim. Proc. Ann. art. 51.14 (Vernon 1979).  The IADA is a compact between different states
that enables a party state to obtain custody of an out-of-state prisoner for
prosecution and imposes upon that state some duties designed to ensure the
prisoner’s prompt return.  State v.
Williams, 938 S.W.2d 456, 460 (Tex. Crim. App. 1997).  Depending on which article of the IADA
applies, the prisoner must be tried in the prosecuting state within 120 or 180
days; if a trial is not held within the applicable time period, the indictment
is dismissed with prejudice.  See Tex. Code Crim. Proc. Ann. art. 51.14,
arts. III, IV.

Appellant complains that because he was
not brought to trial within the relevant time period provided in the IADA, the
trial court should have dismissed the indictment against him.  The State argues that the IADA does not apply
to appellant because he was brought to Texas from a penal institution in
Louisiana, and Louisiana is not a party to the IADA.[1]

The IADA is contractual in nature.  See Williams, 938 S.W.2d at 460.  Article III of the IADA clearly
contemplates that its provisions are only binding upon states that are parties
to the agreement: 








Whenever a person has entered upon
a term of imprisonment in a penal or correctional institution of a party
state, and whenever during the continuance of the term of imprisonment
there is pending in any other party state any untried indictment,
information, or complaint on the basis of which a detainer has been lodged
against the prisoner, he shall be brought to trial within 180 days . . . .

Tex. Code Crim. Proc. Ann. art. 51.14, art.
III(a) (emphasis added).  Louisiana has
not enacted the IADA.  Based on the plain
language of the IADA, we find that the IADA is not applicable here.  See Braxton v. Dunn, 803 S.W.2d 318,
320 (Tex. Crim. App. 1991) (implying that IADA was inapplicable to prisoner
located in Louisiana because Louisiana is not a signatory to the IADA).  Accordingly, appellant’s second issue is
overruled.

Because we have
sustained appellant’s first issue, we need not address appellant’s third,
fourth, and fifth issues.  The judgment
of the trial court is reversed, and the cause is remanded for a new trial.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed March 15, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish — Tex. R. App. P.
47.2(b).











[1]  Appellant
acknowledges in his brief that Louisiana is not a signatory to the IADA.
Appellant maintains, however, that because Texas is a party to the IADA it was
still required to comply with the provisions of the act.