Affirmed and Memorandum Opinion filed July 24, 2007








Affirmed and Memorandum Opinion filed July 24, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00093-CR

____________

 

RONALD JAMES WOODEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from County
Court at Law

Waller County, Texas

Trial Court Cause No. CC04-488

 



 

M E M O R A N D U M   O P I N I O N

Appellant Ronald James Wooden challenges the legal and
factual sufficiency of the evidence supporting his conviction for the
misdemeanor offense of failure to stop and give information after being
involved in a traffic accident.  We affirm.

I.  Factual and Procedural Background








While en route to College Station via FM 359 in Waller
County on the afternoon of June 17, 2004, David Michael Brown noticed a light
colored GMC pick-up truck following his vehicle very closely.  Brown, who was
driving a black Ford Expedition, observed that the individual in the pick-up,
whom he later identified as appellant, was making strange hand gestures at
him.  Brown also noticed that the pickup=s headlights were
on high beam.  Brown recalled passing the pick-up earlier that day.  According
to Brown, he tapped his brake pedal to warn appellant that he was following too
closely, and appellant slammed on his brakes.  As Brown approached an
intersection and slowed down to stop, appellant accelerated around Brown on the
right-hand shoulder of the road and wedged his vehicle between Brown=s Expedition and
the vehicles in front of Brown.  After Brown saw appellant glaring at him,
Brown attempted to go around appellant=s pickup by
driving on the shoulder.  Instead of allowing Brown to pass around him,
appellant drove his own vehicle onto the shoulder and prevented Brown from
driving back onto the road.  

The two vehicles proceeded along the roadway, with
appellant on the shoulder and Brown in the grass trying to gain enough speed to
get around appellant and back on the roadway.  After Brown veered around a road
sign, he was able to get back onto the road behind appellant=s pickup.  Because
appellant then began driving very slowly, Brown tried to pass appellant on the
left-hand side.  Brown moved into the opposite lane to pass, but appellant sped
up and veered into that lane.  Appellant forced Brown=s vehicle onto the
shoulder on the opposite side of the road and then hit Brown=s Expedition in
the front right quarter panel and right-side door, causing over $200 in
damage.  Brown slammed on his brakes after appellant=s vehicle collided
with his Expedition, and then managed to get back onto the road behind
appellant=s pickup.  Appellant again slowed his vehicle to a low
rate of speed, and, rather than trying to pass again, Brown used his cell phone
to make a 9-1-1 call.  When appellant saw Brown using his cell phone, he sped
up and fled the scene.  








Brown followed appellant while describing to the 9-1-1
operator where he was and what turns he was taking.  Brown was able to follow
appellant until appellant turned off into a driveway.  Brown then waited in his
vehicle on the street in front of the  driveway for a law enforcement officer
to arrive.  

A Department of Public Safety (ADPS@) officer arrived
at the scene and attempted to talk with appellant.  Appellant denied
involvement in the accident and refused to allow the officer onto his property
to inspect his pickup truck without a warrant.  The DPS officer and Brown
returned to the scene of the accident where the officer took Brown=s statement and
photographed various skid marks and tire tracks on the road and in the grass.

A few weeks later, on August 5, 2004, appellant was charged
by information with the misdemeanor offense of failure to stop and give
information after being involved in an accident.  He was convicted by a jury
after a one-day trial.  The trial court sentenced appellant to ninety days= confinement in
the Waller County Jail, probated for one year with thirty days of his sentence
to be served on consecutive weekends, and a $1,000 fine, with $800 probated. 

II.  Issues and Analysis

In two issues, appellant challenges the legal and factual
sufficiency of the evidence supporting his conviction.

A.      Legal
Sufficiency








When
conducting a legal-sufficiency review, we examine the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mason v. State,
905 S.W.2d 570, 574 (Tex. Crim. App. 1995).  The standard is the same for both
direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  We do not weigh the evidence, or evaluate the
credibility of any witnesses, as this is the function for the trier of fact.  Fuentes
v. State, 991 S.W.2d. 267, 271 (Tex. Crim. App. 1999).  The jury may choose
to believe or disbelieve any portion of the witnesses=s testimony.  Sharp v. State,
707 S.W .2d 611, 614 (Tex. Crim. App. 1986).  When faced with conflicting
evidence, we presume the trier of fact resolved any conflicts in favor of the
prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App.
1993). Therefore, if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt, we must affirm.  McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

The
driver of a vehicle involved in an accident resulting only in damage to another
vehicle must immediately stop at the scene of the accident and remain there
until he has: (1) provided the other driver with his name and address, the
license plate number of his vehicle, and the name and address of his liability
insurer, and (2) shown his driver=s license, if requested and
available,  to the other driver.  See Tex.
Transp. Code Ann. '' 550.022(a), 550.023 (Vernon 1999); see also Birdwell v.
State, 10 S.W.3d 74, 79 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  Failure to comply with these
requirements is a Class B misdemeanor if the damage to all vehicles is $200 or
more.  See Tex. Transp. Code Ann.
' 550.022(c)(2).








The
record contains eyewitness testimony that appellant, while driving a vehicle,
was involved in an accident that caused damage in excess of $200 and knowingly
left the scene of the accident without providing any information whatsoever to
the driver of the other vehicle. Although the record contains conflicting
evidence that appellant was not involved in this accident and that his vehicle
could not have been driven in the manner described by Brown at the time the
accident occurred, when conducting a legal sufficiency review, we presume the
jury resolved any such conflicts in favor of the prevailing party.  See
Turro, 867 S.W.2d at 47.  Indeed, in his brief, appellant admits that the
testimony at trial provided Asome evidence of each of the required elements@ of the offense and that Athe State did make its prima facie
case on each element of the offense charged.@  Viewing the evidence in the light
most favorable to the verdict, we conclude that a rational trier of fact could
have found the essential elements of the offense in this case beyond a
reasonable doubt.  See McDuff, 929 S.W.2d at 614.  Accordingly, the
evidence is legally sufficient to support appellant=s conviction, and we overrule his
first issue.

B.        Factual Sufficiency

In evaluating a challenge to the factual sufficiency of the
evidence, we view all the evidence in a neutral light and inquire whether we
are able to say, with some objective basis in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414‑17 (Tex. Crim. App. 2006).  It is not
enough that this court harbor a subjective level of reasonable doubt to
overturn a conviction that is founded on legally sufficient evidence, and this
court cannot declare that a conflict in the evidence justifies a new trial
simply because it disagrees with the jury=s resolution of
that conflict.  Id. at 417.  If this court determines the evidence is
factually insufficient, it must explain in exactly what way it perceives the
conflicting evidence greatly to preponderate against conviction.  Id. at
414‑17.  Our evaluation should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  In
conducting a factual‑sufficiency review, we discuss the evidence
appellant claims is most important in allegedly undermining the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).








First,
we note that in his appellate briefing, appellant has not identified any
evidence that he claims undermines the jury=s verdict.  However, both appellant
and his wife testified at trial that he was at home when the accident
occurred.  In addition, appellant and two other witnesses testified that
appellant=s truck had serious mechanical problems near the time of the accident.[1] 
Although, this evidence contradicted Brown=s eyewitness testimony regarding the
accident, this court may not re-evaluate the weight and credibility of the
record evidence and thereby substitute our judgment for that of the
fact-finder.  Wilson v. State, 863 S.W.2d 59, 65 (Tex. Crim. App.
1993).  The
jury was entitled to believe all of the State=s evidence and, at
the same time, disbelieve all of the evidence introduced by appellant.  See
Tucker v. State, 15 S.W.3d 229, 235‑36 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  Giving due deference to the jury=s assessment of
the witnesses= credibility and resolution of evidentiary conflicts,
we conclude, after reviewing the evidence in a neutral light, that the verdict
is not against the great weight and preponderance of the evidence and is not
clearly wrong or unjust. Therefore, the evidence is factually sufficient to
support appellant=s conviction, and we overrule appellant=s second issue on
appeal.

Having overruled both of appellant=s issues, we affirm
the judgment of the trial court.

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed July 24, 2007.

Panel consists of
Justices Anderson, Fowler, and Frost.

Do not publish C Tex. R. App. P. 47.2(b).









[1]  Appellant also emphasizes that at the time of the
accident his GM pickup, which the jury actually viewed in the courthouse
parking lot during his trial, was a dark green color with primer on the
front.   In an effort to cast doubt on whether his truck was involved in the
accident, appellant focuses on Brown=s
description of the vehicle, which appellant characterized as Apale green.@
However, Brown actually described the color of the truck as follows, AIt was a real pale color, kind of a green and white
pale, real flat color, almost like a primer or something like that.@  Additionally, the State was not required to identify
appellant=s vehicle as part of its case-in-chief; rather, it was
appellant=s identity as the driver of the vehicle that was an
element of the offense.  See Tex.
Transp. Code Ann. '' 550.022(a), 550.023.