ACCEPTED
12-14-00335-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/9/2015 11:47:30 AM
CATHY LUSK
CLERK

## No. 12-14-00335-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/9/2015 11:47:30 AM
CATHY S. LUSK
~~Clerk~~

### DONNIE CARR

**Appellant,**

**v.**

### THE STATE OF TEXAS

**Appellee**

**FILED**

4/9/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-0863-14

### ORAL ARGUMENT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
John Jarvis
326 S. Fannin
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................... ii

TABLE OF CONTENTS........................................................................................................ iii

INDEX OF AUTHORITIES ................................................................................................. iv

STATEMENT OF THE CASE............................................................................................... 2

ISSUE PRESENTED.............................................................................................................. 2

STATEMENT OF FACTS ...................................................................................................... 2

SUMMARY OF THE ARGUMENT ...................................................................................... 3

ARGUMENT ............................................................................................................................ 4

    **I.    BY DENYING HIM HIS CONSTITUTIONAL RIGHT TO ACCESS TO A LAW LIBRARY IN ORDER TO FURTHER HIS EXPRESSED DESIRE TO EXERCISE HIS RIGHT TO SELF-REPRESENTATION, THE TRIAL COURT CONSTRUCTIVELY DENIED MR. CARR HIS STATE AND FEDERALLY GUARANTEED RIGHT TO ACT AS HIS OWN COUNSEL**........ 4

    Standard of Review........................................................................................................ 4

    The Facts at Trial ......................................................................................................... 5

    Applying The Law to These Facts .............................................................................. 8

CONCLUSION AND PRAYER ............................................................................................ 10

CERTIFICATE OF SERVICE .............................................................................................. 10

CERTIFICATE OF COMPLIANCE.................................................................................... 10

# INDEX OF AUTHORITIES

## UNITED STATES SUPREME COURT:

*Bounds v. Smith,*
   430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)......................................9

*Faretta v. California,*
   422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)..................................4, 9

*McKaskle v. Wiggins,*
   465 U.S. 168, 177 S.Ct. 944, 79 L.Ed.2d 122 (1984)..................................4, 9

## TEXAS COURT OF CRIMINAL APPEALS:

*Blankenship v. State,*
   673 S.W.2d 578 (Tex.Crim.App. 1984) ......................................................5

*Dunn v. State,*
   819 S.W.2d 510 (Tex.Crim.App. 1999) ......................................................9

*Scarbrough v. State,*
   777 S.W.2d 83 (Tex.Crim.App. 1989) ......................................................9

## TEXAS COURTS OF APPEAL:

*Alford v. State,*
   367 S.W.3d 855 (Tex.App.—Houston [14th Dist.] 2012)............................4

*Birdwell v. State,*
   10 S.W.3d 74 (Tex.App.—Houston [14th Dist.] 1999)..............................4, 9

**STATUTES AND OTHER CONSTITUTIONAL PROVISIONS:**

TEX. CODE CRIM. PROC. art. 1.051(f)...............................................................5

TEX. CONST. art. 1 § 10 ................................................................................5

U.S. CONST. AMEND. VI...........................................................................4, 9

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**DONNIE CARR**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-0863-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Donnie Carr and files this brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Donnie Carr seeks to appeal his conviction and sentence for the offense of delivery of a controlled substance rendered against him in the Seventh District Court of Smith County. (I CR 89). After being indicted for this offense in the summer of last year, Mr. Carr entered a plea of "not guilty" and proceeded to trial by jury. (I CR 1, 89). Ultimately, the jury found him to be guilty and then imposed punishment at confinement for life. (I CR 89). Sentence was pronounced on 14 October 2014 and notice of appeal then timely filed. (I CR 94, 102).

## ISSUE PRESENTED

**BY DENYING HIM HIS CONSTITUTIONAL RIGHT TO ACCESS TO A LAW LIBRARY IN ORDER TO FURTHER HIS EXPRESSED DESIRE TO EXERCISE HIS RIGHT TO SELF-REPRESENTATION, THE TRIAL COURT CONSTRUCTIVELY DENIED MR. CARR HIS STATE AND FEDERALLY GUARANTEED RIGHT TO ACT AS HIS OWN COUNSEL.**

## STATEMENT OF FACTS

On 7 May of last year an officer with the Tyler Police Department was patrolling a local park when he came across Appellant, Mr. Donnie Carr, and another individual sitting on a picnic table. (VII RR 173). On the table near Mr. Carr and his companion were multiple syringes that appeared to have been recently used. (VII RR 174). Believing at least some of the syringes contained methamphetamine, officers placed Mr. Carr under arrest for possession of a controlled substance. (VII RR 178).

A tow truck was called to take possession of Mr. Carr's vehicle. (VII RR 182). When the driver of that truck arrived and entered Mr. Carr's vehicle, he found a case in that car containing methamphetamine. (VII RR 185). These drugs formed the basis of the charge on which this appeal is based.

After being charged with possession of a controlled substance, Mr. Carr elected to enter a plea of "not guilty" and proceeded with a trial by jury in the Seventh District Court of Smith County. (VIII RR 161). The jury found Mr. Carr to be guilty and sentenced him to be confined for life. (VIII RR 182). Sentence was pronounced on 8 October 2014 and notice of appeal then timely filed. (I CR 94, 102).

## SUMMARY OF THE ARGUMENT

A defendant has an absolute right to self-representation. As part of ensuring that that right is meaningful, a defendant must be given adequate access to a law library for the purpose of preparing his defense. In the instant case, Mr. Carr made clear his desire to represent himself, but only if he could have law library access. When the trial court acknowledged that desire but failed to ensure access to the county law library, a condition on which Mr. Carr was relying to exercise his right to self-representation, the court constructively denied him his right to self-representation.

3

## ARGUMENT

Standard of Review

A trial court's denial of the right to self-representation is reviewed for an abuse of discretion. *Alfrod v. State*, 367 S.W.3d 855, 861 (Tex.App.—Houston [14th Dist.] 2012, pet. ref'd). The record, therefore, is reviewed "in the light most favorable to the trial courts' ruling, and [the Court] will imply any findings of fact supported by the record and necessary to affirm the trial court's ruling…." Id. However, the denial of a proper request to proceed *pro se* is not subjection a harm analysis. *McKaskle v. Wiggins*, 465 U.S. 168, 177 S.Ct. 944, 79 L.Ed.2d 122 (1984); *Miles v. State*, 204 S.W.3d 822, 826 (Tex.Crim.App. 2006); *Birdwell v. State*, 10 S.W.3d 74, 78 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd).

**I.      BY DENYING HIM HIS CONSTITUTIONAL RIGHT TO ACCESS TO A LAW LIBRARY IN ORDER TO FURTHER HIS EXPRESSED DESIRE TO EXERCISE HIS RIGHT TO SELF-REPRESENTATION, THE TRIAL COURT CONSTRUCTIVELY DENIED MR. CARR HIS STATE AND FEDERALLY GUARANTEED RIGHT TO ACT AS HIS OWN COUNSEL.**

Standard of Review

The Sixth Amendment guarantees a defendant's right to self-representation. US. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 821, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Additional protections for this right are also found in state

4

statute and the Texas Constitution. TEX. CODE CRIM. PROC. art. 1.051(f); TEX. CONST. art. 1 § 10.

The Facts at Trial

To exercise the right to self-representation a defendant must first timely and unequivocally assert it. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex.Crim.App. 1984). In this case, Mr. Carr first made an attempt to raise the issue with the District Court on 2 September 2014, over a month before trial, but was told "today is not the day" to address attorney-client conflict issues. (II RR 8-10). Instead, the trial court set the case off a few weeks until 22 September. (II RR 10).

On 22 September Mr. Carr raised several complaints regarding what he believed to be the ineffective assistance being rendered by trail counsel and noted his desire to have the opportunity to review his discovery "so I can go over and come up with my own defense." (III RR 9). This was the first indication he gave the court that he was looking "to defend myself," a process being hindered by his lack of access to the jail's law library:

> I haven't had time to prepare nothing for my own defense. … I've told [my lawyer] I'm not guilty of this. I've pleaded not guilty. And he's done nothing but try to get me to plead out.

> I've turned down every offer that he's made for me. I made that clear. Like I said, I just – I don't have any access to a law library. I put in for a law library over at Low Risk where I'm housed. … And they refused me law library then, too.

(III RR 8).

5

The case returned to court on 6 October. (VI RR 1). At that point, Mr. Carr again indicated to the court that he and his trial counsel had had continued problems. (VI RR 10). Initially, Mr. Carr stated he wanted to fire his trial counsel and seek time to retain a new attorney. (*Id*.). As part of his discussion with the court on that issue, Mr. Carr returned once more to the denial of access to Smith County's inmate law library:

> But we never brought up the fact that I was held in Smith County for two-and-a-half months without access to a law library, without an attorney. I requested to go to the law library so I could file motions with the Court, so I could file letters with the District Attorney's Office; and I was not able to do that.

(VI RR 21-22). Repeatedly, he notes that the sheriff's office "refused … to allow anybody to go to the library." (VI RR 23, 24).

After talking with the trial court, Mr. Carr ultimately decided that he would like "to file a request to defend myself *pro se*." (VI RR 27-28). Mr. Carr recognized though that "the only way that I will be effective in me defending myself is if I'm allowed the rights that I think that I'm allowed – or supposed to be given to me as an American tax-paying citizen, Your honor. I need access to those laws – to that book. I need access." (VI RR 32).

In response, the trail court interrupted him and stated that, "under the Texas case law, if you choose to represent yourself [that] doesn't guarantee you any bet-

6

ter access to any of the legal resources that I've just gone over with you. " VI RR

32). The trail court continued:

> If the jail lets you go to the law library, great. If they don't let you go to the law library, that's not, I guess, a complainable infraction, as I understand the law to be.
>
> Often, the jails around our state make law libraries available for defendants. But, under the law, there's no legal requirement – federally or statewise – that they, basically, give them a legal education or make law books available to them. *It's really a convenience that's offered up. It's not a guaranteed right*, if that's one of the reasons that you're thinking you want to represent yourself is to force the jail to give you something maybe they haven't given to you at this point. *Because that's not going to happen*.

(VI RR 33) (emphasis added).

Mr. Carr, who had recently read the Constitution (VI RR 31), recognized something inherently wrong with the judge's comments and asked again if his only option was to proceed *pro se* in ignorance:

> So, in other words, with me being an American citizen, a taxpayer of this county, and I'm saying that I'm not guilty and I want to go to jury trial and I want to represent myself, then Smith County and this Court has no rights at all to give me any kind of access to any kind of law library or any legal books or anything that I can use to file my motions with or anything like that?

(VI RR 33). "I don't control that," the court responded, "*That's what the law says*." (VI RR 34) (emphasis added).

As a result, Mr. Carr decided that, "if I'm not going to have any rights to a law library or anything like that," he could not proceed *pro se*. (VI RR 60). "I won't sign [the waiver of right to counsel" under those conditions." (VI RR 70).

The next day, prior to jury selection, Mr. Carr changed his mind an initially elected to act as his own attorney. (VII RR 16). "I've asked for help with legal books or anything like that that I might go over or read, you know; and it was all refused," he told the Court. (VII RR 17). "So I guess I'll just have to do the best that I can." (VII RR 17).

He did not stick with this decision, however, and prior to jury selection asked that his original counsel be reappointed. (VII RR 41).

Applying The Law to These Facts

A reading of Mr. Carr's comments to the trial court reveal that he absolutely desired to represent himself, but only if he had access to the necessary statutes and rules of evidence and procedure. (VI RR 27-28, 60, 70). The trial court though, not only took no steps to ensure that such access was permitted, but went so far as to say that Mr. Carr had no legal right to such access with the result being Mr. Carr's forced and involuntary waiver of his right to proceed *pro se*. (VI RR 33, 60, 70; VII RR 17).

The law is clear that a defendant has a constitutional right to access to a law library in order to prepare his defense. This right was first recognized by the Su-

8

preme Court in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). "In *Bounds*, the Supreme Court held that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Dunn v. State*, 819 S.W.2d 510, 525 (Tex.Crim.App. 1999). In the instant case, however, the trial court not only denied Mr. Carr this right, but did so as a means to denying him his right to self-representation under both federal and state law. *See* US. CONST. amend. VI; *Faretta*, 422 U.S. at 821; TEX. CODE CRIM. PROC. art. 1.051(f); TEX. CONST. art. 1 § 10.

If he desires to do so a defendant must be allowed to conduct his own defense. *Faretta*, 422 U.S. at 834, 95 S.Ct. 2525; *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex.Crim.App. 1989). Further, the denial of the right to represent oneself is not subject to a harm analysis. *Birdwell*, 10 S.W.3d at 79 (citing *McKaskle*, 465 U.S. at 177). Because the record before the Court shows that Mr. Carr desired to represent himself but only provided he could also exercise his right to access the jail's law library, and that the trial court not only denied that request but told Mr. Carr he had *no right* to access the law library thereby forcing Mr. Carr to rely on appointed counsel, the Court should hold that Mr. Carr's right to self-

9

representation under both federal and state law was improperly denied and remand the case for a new trial.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays, because the trail court denied Mr. Carr his right to access the county law library as a means by which to force him to waive his expressed desire to exercise his right to self-representation, that the Court reverse the judgment in this case and remand the matter for a new trial.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by efile on this the 8th day of April 2015.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,266 words.

/s/ Austin Reeve Jackson

10