

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00265-CR

**ADRIAN CALDERON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 23,372**

## MEMORANDUM  OPINION

In one issue, appellant, Adrian Calderon, challenges his conviction for continuous sexual abuse of a child younger than fourteen years of age.  *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2018).  Specifically, Calderon argues that the trial court erroneously denied his right to self-representation.  Because we conclude that Calderon's request for self-representation was not timely made, we affirm the judgment of the trial court.

## I. BACKGROUND

Calderon was charged by indictment with continuous sexual abuse of a child younger than fourteen years of age. *See id.* He pleaded "not guilty" to the charged offense, and this matter proceeded to trial.

At the conclusion of the evidence, the jury found Calderon guilty of the charged offense and assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Calderon's right of appeal, and this appeal followed.

On original submission, Calderon's court-appointed appellate counsel filed a motion to withdraw from the representation supported by an *Anders* brief. In his *Anders* brief, counsel stated that, after evaluating the record, "he does not believe that the Appellant has any arguable grounds to advance in this appeal." After conducting a full examination of all the proceedings to determine whether the case is wholly frivolous, *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008), we concluded that the appeal is not wholly frivolous. In particular, we disagreed with counsel's assertion that appellant's desire to discharge his retained trial counsel and represent himself after the State rested does not constitute at least an arguable ground on appeal. Accordingly, we granted counsel's motion to withdraw and remanded the matter to the trial court for the appointment of new counsel to address any arguable meritorious ground for appeal

flowing from appellant's request to discharge retained counsel and represent himself, as well as any other arguably meritorious ground counsel saw for reversal or modification of the trial court's judgment. The trial court appointed new appellate counsel in this matter, and we have received briefs from both Calderon's new appellate counsel and the State.

## II.   SELF-REPRESENTATION

In his sole issue on appeal, Calderon asserts that the trial court erred by denying his right to self-representation because his request was timely, and because the record does not show an intent to disrupt or delay the trial. The State counters that Calderon's request for self-representation was not unequivocal or timely-made and that the request was a "calculated attempt" to "disrupt the trial by trying to humiliate, embarrass[,] and torment [Calderon's fourteen year old victim]."

### A.   The Facts

The record reflects that the State concluded its case-in-chief by calling the child victim. After a very brief cross-examination of the child victim, the State rested. Following this, defense counsel indicated to the trial court that Calderon disagreed with the trial strategy of defense counsel. Specifically, defense counsel mentioned the following:

> [Defense counsel]:          Okay. Your Honor, yes. There was a series of questions that my client had prepared that he

wanted me to ask of [the child victim].[1] And under the circumstances and her demeanor, I felt like in my best judgment and as an attorney for almost 30 years it was not the thing to do to ask those questions. I can enter those questions into the record so that there is a record of what he wanted me to ask. Because I didn't ask them, he wants to fire me, sir, and he does not want me representing him at this point.

After questioning both defense counsel and the State, the trial court then questioned Calderon about whether he wanted to represent himself. Calderon responded as follows:

THE DEFENDANT: Yes, sir. I really want to change counsel, sir.

. . . .

THE DEFENDANT: Your Honor, I don't want her working on my case. I'd rather have another lawyer, but if that's not possible, Your Honor, if that's not possible then I would have to represent myself. In that case of me representing myself, sir, I want the witness [the child victim] back in here.

The trial court allowed a "break" to allow Calderon, his family members, and defense counsel to "talk a little bit in private" before proceeding on Calderon's request to represent himself. After the conference, defense counsel announced the following:

[Defense counsel]: Mr. Calderon has stated that he wants to represent himself from this point forward. I understand that I will obviously stay in case he has any legal questions that he needs to ask me.

---

[1] Calderon's proposed questions were written on a piece of paper and admitted into evidence, though the child victim was not asked these questions.

I believe that's what the law requires, but I will not be sitting at counsel table. I will be sitting in the courtroom. But I will remain here during the course of the trial.

The State objected and stated:

[The State]: Trial court is under no obligation to grant the defendant's request at this time. The State would oppose that request. The defendant has no legal training that he can point to. I think at this point, if he persists in wanting to do that, the Court should strongly admonish him again as to the possible consequences of that.

The trial court then began a series of admonishments concerning self-representation. At the conclusion of the admonishments, Calderon noted: "Sir, I think I'll be better off representing myself. As far as I seen—I mean as far as I seen throughout the whole trial, it seems like the truth is being withheld. I mean, all I want, sir, is—I think I'll be better off representing myself." After the State renewed its objection to Calderon proceeding pro se, the trial court stated that it "cannot grant the request."

B. Applicable Law and Discussion

We review the denial of a defendant's request for self-representation for an abuse of discretion. *Lathem v. State*, 514 S.W.3d 796, 802 (Tex. App.—Fort Worth 2017, no pet.). We view the evidence in the light most favorable to the trial court's ruling, and we imply any findings of fact supported by the record and necessary to affirm the ruling when the trial court did not make explicit findings. *Id.*

The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. However, this right to counsel may be waived, and the defendant may choose to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 821, 95 S. Ct. 2525, 2534, 45 L. Ed. 2d 562 (1975). To invoke the right to represent himself, the defendant must make a request that is clear and unequivocal; he must timely assert the request; and he must do so voluntarily, knowingly, and intelligently. *See Lathem*, 514 S.W.3d at 802-03. The request must be unconditional and must not be a calculated attempt to disrupt, subvert, obstruct, or delay the orderly procedure of the courts or to interfere with the fair administration of justice. *Id.* at 803. And while the exercise of this right may cause some inconvenience and possibly some disruption at trial, as long as it is not a calculated obstruction, the delay cannot deprive the accused of the right once properly asserted. *Id.*

With regard to the timeliness factor, the Court of Criminal Appeals has held that a request for self-representation is timely if it is made before the jury was impaneled. *See McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997) ("An accused's right to self-representation must be asserted in a timely manner, namely, before the jury is impaneled."); *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992); *Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984); *see also Lathem*, 514 S.W.3d at 803; *Birdwell v. State*, 10 S.W.3d 74, 77 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *cf.*

*Johnson v. State*, 676 S.W.2d 416, 420 (Tex. Crim. App. 1984) (concluding that a request for self-representation was timely when it was made after the jury was impaneled but before the reading of the indictment and before the presentation of any evidence by the State). Here, Calderon did not assert his right to self-representation until after the State rested its case-in-chief—much later than the impaneling of the jury and, to the extent it is relevant, the reading of the indictment and the presentation of the State's evidence. Accordingly, we cannot say that Calderon timely asserted his right to self-representation. *See McDuff*, 939 S.W.2d at 619; *Ex parte Winton*, 837 S.W.2d at 135; *Blankenship*, 673 S.W.2d at 585; *Lathem*, 514 S.W.3d at 803; *Birdwell*, 10 S.W.3d at 77.

Despite the foregoing, Calderon invites us to ignore the timeliness requirement because there is no solid rationale for the rule, and because the State cannot demonstrate that his self-representation would have interfered with the trial process. However, given that we are an intermediate appellate court and are bound to follow the precedent of the Court of Criminal Appeals, we are not inclined to adopt Calderon's argument regarding the timeliness factor. *See State v. Delay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006) ("As an intermediate appellate court, we lack the authority to overrule an opinion of the court of criminal appeals."), *aff'd sub nom. State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007); *McKinney v. State*, 177 S.W.3d 186, 192 (Tex. App.—Houston [1st Dist.] 2005), *aff'd*, 207 S.W.3d 366 (Tex. Crim. App. 2006) (stating that an intermediate appellate court must follow binding precedent of the Court of Criminal Appeals); *State v. Stevenson*, 993

S.W.2d 857, 867 (Tex. App.—Fort Worth 1999, no pet.) ("Because a decision of the court of criminal appeals is binding precedent, we are compelled to comply with its dictates."). This is an argument best made in the Court of Criminal Appeals. Accordingly, we cannot say that the trial court abused its discretion by denying Calderon's untimely request for self-representation. *See Latham*, 514 S.W.3d at 802. We overrule Calderon's sole issue on appeal.

## III.   CONCLUSION

We affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed February 27, 2019
Do not publish
[CR25]

