# NO. 12-22-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARS AXEL THEORINE,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Lars Axel Theorine, appeals his conviction for murder. In one issue, he challenges the trial court's denial of his motion to represent himself at trial. We affirm.

### BACKGROUND

On March 17, 2020, Appellant was indicted for the offense of murder.[1] The indictment alleged that on January 2, 2020, Appellant intentionally and knowingly caused the death of Michael Reed by stabbing and cutting him with a sharp object and striking him in the head with a blunt object, and used or exhibited a deadly weapon in committing the offense. Appellant pleaded "not guilty," and this matter proceeded to a jury trial.

Appellant was represented by appointed counsel during jury selection on March 21, 2022 (as he had been during the approximately two years following his indictment for murder), and a jury was selected and sworn. On the following day, before the jury was brought into the courtroom to begin hearing evidence, Appellant informed his attorney that he wished to proceed pro se. Consequently, Appellant's appointed counsel made an oral motion to the trial court that Appellant be allowed to represent himself. The trial court took judicial notice of prior

---

[1] TEX. PENAL CODE ANN. § 19.02 (West 2023).

proceedings in the case at which Appellant was represented by appointed counsel, stated that Appellant's invocation of his right to self-representation was untimely, and denied the motion.

Trial proceeded as scheduled, with appointed counsel representing Appellant. The jury found Appellant "guilty," and imposed a sentence of life imprisonment. This appeal followed.

## SELF-REPRESENTATION

In his sole issue, Appellant contends that the trial court abused its discretion in refusing to allow him to represent himself at trial.

In all criminal prosecutions, the accused has the right to have the assistance of counsel for his defense. U.S. CONST. amend VI. If a criminal defendant elects to proceed without counsel, he has a constitutional right to do so. *See Indiana v. Edwards*, 554 U.S. 164, 170, 128 S. Ct. 2379, 2383, 171 L. Ed. 2d 345 (2008); *Faretta v. California*, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975). While a criminal defendant's right to counsel remains in effect until the defendant waives it, the defendant's right to self-representation is not triggered until it is asserted. *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541; *see also Lathem v. State*, 514 S.W.3d 796, 802 (Tex. App.—Fort Worth 2017, pet. ref'd). An accused must assert his right to self-representation in a timely manner, namely, before a jury is impaneled. *McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997); *Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984); *Birdwell v. State*, 10 S.W.3d 74, 77 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)). A jury has been impaneled when those who have been chosen to serve have been selected and sworn. *Lathem*, 514 S.W.3d at 810. We review the denial of a defendant's request to represent himself for abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling. *Id.* at 802.

In this case, after voir dire on March 21, 2022, the trial judge brought the twelve chosen jurors into the courtroom and instructed them to stand and raise their right hands. The trial judge administered the oath to the twelve jurors, and thereafter stated, "The record will reflect all 12 jurors have just stood, raised their right hand, [and] taken the oath as a juror." Finally, the judge gave the jury further instructions, gave the jurors an opportunity to ask questions, and released them for the day. Appellant's request for self-representation did not occur until the next morning, just before the jury was brought into the courtroom. He acknowledges in his brief that his request was made after the jury was selected and sworn. Therefore, Appellant's assertion of

his right to self-representation was untimely.  *See McDuff*, 939 S.W.2d at 619; ***Blankenship***, 573 S.W.2d at 585; ***Birdwell***, 10 S.W.3d at 77; *see also **Rodriguez v. State***, No. 2-07-332-CR, 2008 WL 5057028, at *1 (Tex. App.—Fort Worth Nov. 26, 2008, pet. ref'd) (mem. op., not designated for publication) (no abuse of discretion when appellant requested self-representation the morning after jury was impaneled, just before beginning of trial).  Because Appellant did not timely assert his right to represent himself, the trial court did not abuse its discretion by denying his motion.  *See **McDuff***, 939 S.W.2d at 619; ***Blankenship***, 673 S.W.2d at 585; ***Lathem***, 514 S.W.3d at 802-03; ***Birdwell***, 10 S.W.3d at 77.  Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered September 6, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 6, 2023**

**NO. 12-22-00058-CR**

**LARS AXEL THEORINE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0470-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*