

# NUMBER
# 13-12-00554-CR
# 13-12-00555-CR
# 13-12-00556-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RICKIE L. MOORE,**                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

### On appeal from the 24th District Court
### of Jackson County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Longoria

By two issues, appellant, Rickie L. Moore, appeals his convictions for indecency with a child by sexual contact, sexual assault of a child, and aggravated sexual assault of a child. We affirm.

## I. RIGHT TO SELF-REPRESENTATION

In his first issue, appellant contends that the trial court erred in denying his request to represent himself at trial.

### A. Applicable Law

"Under the Sixth Amendment, an individual may choose to represent himself so long as he makes the decision to do so intelligently, knowingly, and voluntarily." *Degroot v. State*, 24 S.W.3d 456, 457 (Tex. App.—Corpus Christi 2000, no pet.) (citing *Godinez v. Moran*, 509 U.S. 389, 400–01 (1993)). "This right is also protected by statute and by the Texas Constitution." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 1.051(f); TEX. CONST. art. 1, § 10). "There are two prerequisites that need to be addressed in order to determine whether this right has attached." *Id.* "First, this right does not attach until a defendant clearly and unequivocally asserts it." *Id.* (citing *Faretta v. California*, 422 U.S. 806, 835–36 (1975); *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989); *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986)). "Secondly, the Sixth Amendment right to self-representation may not be exercised simply to delay the orderly procedure of the courts or to interfere with the fair administration of justice." *Id.* (citing *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977); *Parker v. State*, 545 S.W.2d 151, 156 (Tex. Crim. App. 1977)).

## B. Standard of Review

"We review the denial of a defendant's request for self-representation for an abuse of discretion." *Alford v. State*, 367 S.W.3d 855, 861 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

## C. Proceedings

On the day of trial, counsel for appellant informed the trial court of the following:

> Your Honor, we're here outside the jury's presence during the qualification process. My client handed over some documents to Mr. Weiser. Mr. Weiser went on to file them on his behalf and I have copies here. He filed them with Ms. Mathis. He has filed his own motion to remove [attorneys] Bill White . . . [and] Keith Weiser from said causes and if I understand correctly from reading this, he wishes to represent himself and he's also asking, I think, for some sort of assistant.
>
> I don't know that necessarily it's an attorney, but some sort of assistant to help him with that in his self-representation. He has also filed – and these are handwritten – a motion for change of venue.

Later in the day, immediately before the jury was empanelled, but without holding a hearing, the trial court made the following announcement:

> The Defendant has filed pro se a motion to transfer venue and a motion to dismiss his attorneys and, based on the history of this case and the prior proceedings that we have undergone in getting this case ready for trial, including the appointment of Mr. Weiser, I am making a finding that these two motions are brought for the purpose of delay and I will take no action on them at this time.

## D. Discussion

Appellant contends that the trial court was required to conduct a *Faretta* hearing on his request for self-representation. *See Faretta*, 422 U.S. at 806. The State maintains that the trial court was not required to conduct a *Faretta* hearing to find that the motion was brought for the purpose of causing delay. We agree with the State.

3

Even when a defendant has properly asserted his right to self-representation, the trial court has discretion to deny the request if it is made "to disrupt or delay the proceedings." *Ex parte Winton*, 837 S.W.2d 134, 136 (Tex. Crim. App. 1992); *see also Steele v. State*, No. 03-06-00669-CR, 2007 Tex. App. LEXIS 5954, at *4 (Tex. App.—Austin July 26, 2007, no pet.) (mem. op., not designated for publication) ("The defendant's assertion of his right to self-representation may be denied if the district court makes a determination that it is being asserted for the purpose of disruption or delay of the proceedings."). "In deciding whether a timely request was made for the purpose of delay, the court must examine the events preceding the request to determine if they are consistent with a good faith assertion of the *Faretta* right and whether the defendant could reasonably be expected to have made the request at an earlier time." *United States v. Smith*, 780 F.2d 810, 821 (9th Cir. 1985). This is a different inquiry than that undertaken in a *Faretta* hearing in which the trial court must admonish the defendant about the dangers and disadvantages of self-representation and make an assessment of the defendant's "knowing exercise of the right to defend himself." *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984) (citing *Faretta*, 422 U.S. at 836).

Although the trial court is required to conduct a *Faretta* hearing to create a record that establishes a knowing and intelligent waiver of the right to counsel, we have found no precedent requiring the trial court to conduct a hearing to determine if the request is made for the purpose of delay. Appellant cites an unpublished case from the Tyler Court of Appeals in support of his position. *See Johnson v. State*, No. 12-02-00165-CR, 2003 Tex. App. LEXIS 4638 (Tex. App.—Tyler May 30, 2003, no pet.) (not designated

4

for publication). There, the court of appeals stated that "[i]t is axiomatic that if a court does not conduct a hearing, it cannot determine if the request was for purposes of delay, nor can it make a record which would establish that appellant knows what he is doing and his choice is made with eyes open." *Id.* at *8. We have carefully reviewed the decision of the Tyler Court of Appeal, and for the reasons set forth below, we decline to follow its statement of the law in this regard.

First, the statement is non-binding dicta because unlike the trial court in this case, the trial court in *Johnson* did not make a finding that the request was made to disrupt or delay the proceedings. *See id.* at *6. In *Johnson*, the trial court said it was unwilling to delay the trial in order to conduct a *Faretta* hearing:

> Well, this comes a bit late. The jury has already been qualified. The panel is being seated at this time. I am not inclined to delay the trial while I conduct a *Faretta vs. California* hearing. And I may consider that after the voir dire, but at the present I'm not—I am not willing to delay the trial long enough to conduct that kind of a hearing. So you are going to voir dire the jury and then we will see where we are.

*Id.* In *Johnson*, the trial court found that conducting a *Faretta* hearing would cause a delay in the trial, but the court did not find that the defendant had made the request for self-representation for the purpose of delay, as the trial court did in the case at bar. *See id.*

Second, as set forth above, the issue in *Johnson* was whether the trial court could refuse to hold a *Faretta* hearing simply because doing so would cause delay, whereas the issue in this case is whether the trial court was required to hold an evidentiary hearing to determine that the request for self-representation was made for the purpose of delay. The issue in *Johnson* is well-settled because "although an exercise of the right of self-representation may cause some inconvenience or even

5

disruption in the trial proceedings, so long as it is not a calculated obstruction, this delay cannot deprive the accused of the right once properly asserted." *Birdwell v. State*, 10 S.W.3d 74, 77 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). In *Johnson*, the trial court denied the request merely because it would cause delay, *see Johnson*, 2003 Tex. App. LEXIS 4638, at *6, which was error. *See Birdwell*, 10 S.W.3d at 77. In this case, in contrast, the trial court denied the request because it found that appellant had made the request for self-representation for the purpose of delay, which was not error. *See id.*

Third, the *Johnson* court failed to distinguish between a hearing to create a record that establishes a knowing and intelligent waiver of the right to counsel and a hearing to determine if the request for self-representation is made to disrupt or delay the proceedings. *See Johnson*, 2003 Tex. App. LEXIS 4638, at *8. The former is required by *Faretta*, while the latter is not. *See Faretta*, 422 U.S. at 806.

Fourth, although the *Johnson* court stated that it is "axiomatic" that the trial court must conduct a hearing to determine if the request was for the purpose of delay, it cited no authority in support of that statement. *See Johnson*, 2003 Tex. App. LEXIS 4638, at *8. Furthermore, we have been unable to locate any binding precedent that requires the trial court to conduct an evidentiary hearing to determine if the request was for the purpose of delaying or disrupting the proceedings.

Fifth and finally, as an unpublished opinion, *Johnson* has no precedential value. *See* TEX. R. APP. P. 47.7(a). For these reasons, we do not follow it. Accordingly, we cannot conclude that the trial court abused its discretion in failing to hold a hearing to determine whether the request was made for the purpose of delay. Furthermore, we note that appellant's complaint is limited to the trial court's failure to hold a hearing.

6

Appellant does not contend that the trial court's finding was unsupported by the record or that the trial court otherwise abused its discretion in basing its decision on the history of the case and prior proceedings. *See* TEX. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). Accordingly, because we have concluded that the trial court did not abuse its discretion in failing to conduct a hearing, appellant's first issue is overruled. *See* TEX. R. APP. P. 47.1.

## II. CPS RECORDS

In his second issue, appellant contends that the trial court erred in admitting State's Exhibits 1 and 10 because they contained hearsay statements.

### A. Applicable Law

"Hearsay is an out-of-court statement 'offered in evidence to prove the truth of the matter asserted.'" *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011) (quoting TEX. R. EVID. 801(d)). "Whether hearsay is admissible at a criminal trial is determined by the Texas Rules of Evidence and the Sixth Amendment to the federal Constitution." *Id.*[1] "Generally, hearsay statements are not admissible unless the statement falls within a recognized exception to the hearsay rule." *Pena v. State*, 353 S.W.3d 797, 814 (Tex. Crim. App. 2011). The parties agree that the State laid a proper foundation for admission of the CPS as business records. *See* TEX. R. EVID. 803(6).

Nevertheless, "[w]hen hearsay contains hearsay, the [Texas] Rules of Evidence require that each part of the combined statements be within an exception to the hearsay rule." *Sanchez*, 354 S.W.3d at 485–86 (citing TEX. R. EVID. 805). Thus, "[t]he [CPS] records themselves were admissible, but that does not mean that all information, from

---

[1] In this case, however, no objection was made based on the Sixth Amendment, so we consider only the objection appellant made under Texas law. *See* TEX. R. APP. P. 33.1(a).

7

whatever source or of whatever reliability, contained within those business records is necessarily admissible." *Garcia v. State*, 126 S.W.3d 921, 926 (Tex. Crim. App. 2004). "When a business receives information from a person who is outside the business and who has no business duty to report or to report accurately, those statements are not covered by the business records exception." *Id.* "Those statements must independently qualify for admission under their own hearsay exception - such as statements made for medical diagnosis or treatment, statements concerning a present sense impression, an excited utterance, or an admission by a party opponent." *Id.* at 926–27.

## B. Standard of Review

The Texas Court of Criminal Appeals has explained the standard of review as follows:

> In determining whether a trial court erred in admitting or excluding hearsay evidence under such an exception to the hearsay rule, a reviewing court looks to see whether the trial court clearly abused its discretion; before the reviewing court may reverse the trial court's decision, it must find the trial court's ruling was so clearly wrong as to lie outside the zone within which reasonable people might disagree.

*Taylor v. State*, 268 S.W.3d 571, 578 (Tex. Crim. App. 2008). "Of course, the trial court's discretion must be informed by a proper understanding of the law." *Id.*

## C. Proceedings

At trial, the State called Cheri Denney, an investigator with Child Protective Services ("CPS") in Ohio, as a witness. She authenticated nineteen pages of CPS records from 1990 as business records. The records were then offered into evidence as State's Exhibit 1. Appellant objected, stating, "Judge, we're going to object even though there's a business predicate that has been laid, there's hearsay in the document

8

itself.  We would object on those grounds."  The objection was overruled, and State's

Exhibit 1 was admitted into evidence.

Subsequently, the State began to elicit testimony about contents of the record,

and appellant again objected:

| | |
|---|---|
| Ms. Denney: | Okay, this is a copy of the intake sheet, if you will, that we would get that would tell us what the allegations were, what the concern was.  And it states that mother went to the shelter last Friday night due to domestic violence.  Mother claims oldest child – |
| [Defense Counsel:] | Judge, I'm going to object again.  Now we're getting into hearsay. |
| The Court: | Overruled.  I can give you a running objection as we go through these. |
| [Defense Counsel:] | All right, Judge.  So I have a running objection? |
| The Court: | Yes, yes. |

Later in the trial, another fifteen pages of CPS records were offered as State's

Exhibit 10, prompting the following exchange:

| | |
|---|---|
| The State: | Your Honor, at this time we would offer into evidence State's Exhibit 10. |
| Defense Counsel: | Judge, we would object on the grounds that there does appear to be hearsay in here even though they have established the business predicate, the business records predicate.  We've got remarks from other people told me this, or other people told a friend, somebody this – that kind of thing so we would object on the grounds of hearsay. |
| The State: | That's why it's an exception to the hearsay rule. |
| The Court: | State's [Exhibit] 10 is admitted. |

**D. Discussion**

In his second issue, appellant contends that the trial court erred in admitting State's Exhibits 1 and 10, a combined thirty-four pages of CPS records. As set forth above, at trial, appellant conceded that the State had laid a proper foundation for admission of the CPS documents as business records. *See* TEX. R. EVID. 803(6). Nevertheless, appellant contends that the trial court erred in admitting State's Exhibits 1 and 10 because they contained inadmissible hearsay not covered by the business records exception. *See id.*

"When an exhibit contains both admissible and inadmissible evidence, the objection must specifically refer to the challenged material to apprise the trial court of the exact objection." *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). Furthermore, the objecting party must request that the objectionable portions "be deleted or covered." *Wintters v. State*, 616 S.W.2d 197, 202 (Tex. Crim. App. 1981). Otherwise, an "objection directed toward the report as a whole [i]s properly overruled." *Id.*

For instance, in *Wintters*, the defendant objected to a police report on the basis that it contained a specific hearsay statement and mentioned an extraneous offense. *See id.* at 201. The defendant "made no request that any portion of the report be deleted or covered which allegedly constitute hearsay or a reference to an extraneous offense." *Id.* at 202. Therefore, the objections were construed to be "directed toward the entire exhibit." *Id.* at 202. The Texas Court of Criminal Appeals held "that since portions of the report were admissible, appellant's objection directed toward the report as a whole was properly overruled." *Id.*

10

Similarly, in *Foster*, the defendant objected to an affidavit on the basis that it contained hearsay statements. *See Foster v. State*, 779 S.W.2d 845, 858 (Tex. Crim. App. 1989). The defendant "failed to request specific deletions of specific items in the affidavit . . . ." *Id.* Accordingly, "[t]hese were objections directed toward the entire exhibit, as in *Wintters* . . . ." *Id.* The Texas Court of Criminal Appeals held that the defendant "preserved nothing for review" and that "[t]he trial court properly overruled his objections." *Id.*

In this case, as in *Wintters* and *Foster*, appellant failed to request specific deletions of specific items in the exhibits. *See Foster*, 779 S.W.2d at 858; *Wintters*, 616 S.W.2d at 202. Instead, the only relief appellant requested was exclusion of both exhibits, which is also what he argues on appeal. Since portions of the exhibits were admissible, appellant's objections directed toward them as a whole were properly overruled. *See Foster*, 779 S.W.2d at 858; *Wintters*, 616 S.W.2d at 202; *see also Pinkney v. State*, 848 S.W.2d 363, 367 (Tex. App.—Houston [1st Dist.] 1993, no pet.) ("Here, once the trial court overruled the appellant's objection to the entire document, the appellant should have objected to the specific parts of the document that were inadmissible hearsay *and ask[ed] the court to delete those parts of . . . [the] statement.* The appellant, therefore, waived the error concerning the admission of the statements.") (emphasis added). Appellant's second issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

/s/ Nora L. Longoria
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of September, 2013.